**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| QUALTEQ, INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**NOTICE OF THE FINAL FEE APPLICATION**
**OF HILCO APPRAISAL SERVICES, LLC FOR SERVICES**
**RENDERED AS BUSINESS ASSET APPRAISAL CONSULTANTS**

**PLEASE TAKE NOTICE** that on August 21, 2012 at 10:00 a.m. (prevailing Central Time) or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in Courtroom 744 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the *Final Fee Application of Hilco Appraisal Services, LLC for Services Rendered as Business Asset Appraisal Consultants* (the "Application"), at which time and place you may appear if you so desire.

**PLEASE TAKE FURTHER NOTICE** that you may obtain additional information concerning the above-captioned chapter 11 cases at the website maintained in these chapter 11 cases at http://www.phaseeleven.com/qualteq/.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estates, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

Dated:  July 27, 2012

Respectfully Submitted,

*/s/ David L. Eaton*

James H.M. Sprayregen, P.C. (IL Bar No. 6190206)
David L. Eaton (IL Bar No. 3122303)
Ryan Preston Dahl (IL Bar No. 6292645)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel to the Chapter 11 Trustee*

K&E 23375155

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QUALTEQ, INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |

**COVER SHEET FOR FINAL FEE**
**APPLICATION OF HILCO APPRAISAL SERVICES, LLC FOR**
**SERVICES RENDERED AS BUSINESS ASSET APPRAISAL CONSULTANTS**

| | |
|---|---|
| Authorized to provide professional services to: | Fred C. Caruso, solely in his capacity as the chapter 11 trustee in the chapter 11 cases of Qualteq, Inc., d/b/a VCT New Jersey, Inc. |
| Date of retention: | Order retaining Hilco Appraisal Services, LLC *nunc pro tunc* entered on June 6, 2012 [Docket No. 409] |
| Period for which compensation and reimbursement is sought: | May 25, 2012 through June 29, 2012 |
| Amount of compensation sought as actual, reasonable and necessary: | $32,500.00 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $1,477.26 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estates, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

This is a ___ monthly __ interim  X  final fee application.

This is the applicant's first and final fee application.

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUALTEQ, INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date: August 21, 2012 at |
| | ) | 10:00 a.m. (prevailing Central Time) |

**FINAL FEE APPLICATION OF HILCO APPRAISAL SERVICES, LLC
FOR SERVICES RENDERED AS BUSINESS ASSET APPRAISAL CONSULTANTS**

Pursuant to 11 U.S.C. §§ 328 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, Hilco Appraisal Services, LLC ("Hilco") hereby moves this Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, for the final allowance of compensation for professional services rendered as business asset appraisal consultants to Fred C. Caruso, solely in his capacity as the chapter 11 trustee (the "Trustee") in the chapter 11 cases of Qualteq, Inc., d/b/a VCT New Jersey, Inc. ("Qualteq") and its affiliated chapter 11 debtors (collectively, with Qualteq, the "Debtors") in the amount of $33,977.26 for the period commencing May 25, 2012 through and including June 29, 2012 (the "Fee Period"). In support of its Application, Hilco respectfully represents as follows:

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estates, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

**Jurisdiction**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are 327, 328 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the Bankruptcy Court for the Northern District of Illinois.

**Background**

4.      On August 14, 2011 (the "Initial Petition Date"), each of the Debtors except for Anar Real Estates, LLC ("Anar") filed petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  On September 11, 2011 (the "Anar Petition Date," and together with the Initial Petition Date, the "Petition Date"), Anar filed its petition for relief with the United States Bankruptcy Court for the District of Delaware.

5.      On August 25, 2011, the United States Trustee (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").

6.      On February 16, 2012, the United States Bankruptcy Court for the District of Delaware transferred venue to the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

7.      On April 5, 2012, Bank of America, N.A., filed the *Motion to Appoint a Chapter 11 Trustee* [Docket No. 202], and on May 2, 2012, the Court entered the *Order Granting Motion for Appointment of a Chapter 11 Trustee* [Docket No. 334].

K&E 23375155

8.      On May 9, 2012, the U.S. Trustee filed an application to appoint Fred C. Caruso as chapter 11 trustee in these chapter 11 cases.

9.      On May 10, 2012 (the "Appointment Date"), the Court entered an order approving Mr. Caruso's appointment as the Trustee [Docket No. 351], thereby taking the Debtors and their assets out of possession and placing their assets and businesses under the Trustee's control.

## Compensation Paid and its Source

10.     All services for which compensation is requested by Hilco were performed for or on behalf of the Trustee during the Fee Period.  Attached hereto as **Exhibit B** is a breakdown of the fees earned during the Fee Period as outlined in that certain engagement letter between the Trustee and Hilco dated as of May 25, 2012 (the "Engagement Letter").   Pursuant to the Engagement Letter, the Trustee has compensated Hilco in the amount of $33,977.26 for the services rendered during the Fee Period, subject to the allowance of such compensation pursuant to entry of a final compensation order by the Court.

## Summary of Services Rendered

11.     The Trustee retained Hilco to provide an opinion and appraisal of the value of the Debtors' machinery and equipment assets (the "M&E Assets").  To that end, Hilco has provided a detailed appraisal report (the "Report") to the Trustee including, but not limited to the following: (a) visiting the Debtors' fourteen locations (the "Facilities") to physically appraise the Debtors' M&E Assets at each site, (b) identifying each M&E Asset by manufacturer, model number, serial number, year of manufacture, when available, capacity, function, and accessories, (c) grouping, identifying, and evaluating in aggregate lots such other M&E Assets including perishable tooling, inspection equipment, hand tools, machine accessories, factory supplies, minor shop equipment, select business machines, and office furniture, and (d) providing video and/or photographs of the

3

M&E Assets within the Facilities to create an accurate pictorial record of the M&E Assets as of the date of the appraisal.

12.     During the Fee Period, Hilco successfully completed the timely delivery of the Report to the Trustee containing Hilco's opinion of the value of the Debtors' M&E Assets, including an explanation of how the analysis was developed and inherent assumptions associated with a liquidation scenario. Given the results obtained, Hilco respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for, beneficial to, and in the best interests of, the Trustee.   Hilco further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Trustee.

### The Requested Compensation Should be Allowed

13.     Section 328(a) of the Bankruptcy Code provides the trustee, or a committee appointed under section 1102, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. 11 U.S.C. § 328(a).  Section 328 also says:

> The court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

14.     The foregoing professional services performed by Hilco were appropriate and necessary.  In particular, Hilco's M&E Assets Report is a vital part of the Trustee's efforts to maximize the value of the chapter 11 estates through a sale process.  The valuations included in the Report will provide the Trustee with the relevant information to make informed business

4

decisions about the value at each Debtor-entity and will guide the Trustee in negotiating with potential stalking horse bidders.  Hilco's preparation of the M&E Assets Report was therefore in the best interests of the Trustee and other parties in interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.  In addition, the professional services were performed in an appropriately expeditious and efficient manner.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

K&E 23375155

WHEREFORE, Hilco requests that final allowance be made to it in the sum of

$33,977.26 as compensation for necessary professional services rendered to the Trustee for the Fee

Period, and further requests such other and further relief as this Court may deem just and proper.


Date: July 27, 2012                                   **HILCO APPRAISAL SERVICES, LLC**

                                                      */s/ Ian S. Fredericks*
                                                      Ian S. Fredericks
                                                      Vice President and Assistant General Counsel
                                                      Hilco Trading, LLC

                                                      *Business Asset Appraisal Consultants to the*
                                                      *Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QUALTEQ, INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |

**DECLARATION OF IAN S. FREDERICKS**
**IN SUPPORT OF THE FINAL FEE APPLICATION OF HILCO APPRAISAL**
**SERVICES, LLC FOR SERVICES RENDERED AS BUSINESS ASSET APPRAISAL**
**CONSULTANTS FOR THE PERIOD FROM MAY 25, 2012 THROUGH JUNE 29, 2012**

Ian S. Fredericks, after being duly sworn according to law, deposes and says:

1.      I am the Vice President and Assistant General Counsel of Hilco Trading, LLC,

the managing member of Hilco Appraisal Services, LLC.

2.      I am familiar with the work performed on behalf of the Trustee by the

professionals in Hilco Appraisal Services, LLC.

3.      The facts set forth in the foregoing Application are true and correct to the best of

my knowledge, information, and belief.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091);
(c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estates, LLC (9267);
(f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation
Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461);
(k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services,
Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258);
(p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Chicago, Illinois                               */s/ Ian S. Fredericks*
Date: July 27, 2012                              Ian S. Fredericks

2