**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| QUALTEQ, INC., ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

**NOTICE OF THE FINAL FEE APPLICATION OF
MCGLADREY LLP FOR SERVICES RENDERED AS
INDEPENDENT AUDITORS FOR CERTAIN OF THE DEBTORS' ESTATES
FOR THE PERIOD FROM NOVEMBER 28, 2011 THROUGH JULY 18, 2012**

     **PLEASE TAKE NOTICE** that on November 6, 2012 at 9:30 a.m. (prevailing Central Time) or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in Courtroom 744 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the *Final Fee Application of McGladrey LLP*[2] *for Services Rendered as Independent Auditors for Certain of the Debtors' Estates for the Period from November 28, 2011 through July 18, 2012* (the "Final Application"),[3] at which time and place you may appear if you so desire.

     **PLEASE TAKE FURTHER NOTICE** that you may obtain additional information concerning the above-captioned chapter 11 cases at the website maintained in these chapter 11 cases at http://www.phaseeleven.com/qualteq/.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

[2]    McGladrey LLP is formerly known as McGladrey & Pullen LLP.

[3]    The Final Application incorporates and supersedes the *First Application of McGladrey LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period November 28, 2011 through May 31, 2012* [Docket No. 469] (the "Monthly Application"). McGladrey LLP is only seeking compensation for the amounts requested through the Final Application, and has not received, and is no longer seeking, separate compensation for the amounts requested in the Monthly Application that are not included in the Final Application.

K&E 23710554

Dated: October 15, 2012  Respectfully Submitted,

*/s/ David L. Eaton*
James H.M. Sprayregen, P.C. (IL Bar No. 6190206)
David L. Eaton (IL Bar No. 3122303)
Ryan Preston Dahl (IL Bar No. 6292645)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel to the Chapter 11 Trustee*

2

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) ) Chapter 11 |
| QUALTEQ, INC., d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) ) Case No. 12-05861 (ERW) ) |
| Debtors. | ) Jointly Administered ) ) |

**COVER SHEET FOR FINAL FEE APPLICATION OF
MCGLADREY LLP FOR SERVICES RENDERED
AS INDEPENDENT AUDITORS FOR CERTAIN OF THE DEBTORS' ESTATES
FOR THE PERIOD FROM NOVEMBER 28, 2011 THROUGH JULY 18, 2012**

| **Name of Applicant** | **McGladrey LLP** |
|---|---|
| Authorized to provide professional services to: | Creative Automation Company |
| Date of retention: | Order Retaining McGladrey LLP *nunc pro tunc* to the Engagement Date (defined herein) entered on June 6, 2012 [Docket No. 407] |
| Period for which compensation and reimbursement is sought: | November 28, 2011 through July 18, 2012 |
| Amount of compensation sought as actual, reasonable and necessary: | $70,000.00 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $305.57 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

This is a ___ monthly ___ interim  X  final fee application.

This is the applicant's final fee application.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUALTEQ, INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date: November 6, 2012 at |
| | ) | 9:30 a.m. (prevailing Central Time) |

**FINAL FEE APPLICATION OF MCGLADREY LLP FOR SERVICES
RENDERED AS INDEPENDENT AUDITORS FOR CERTAIN OF THE DEBTORS'
ESTATES FOR THE PERIOD FROM NOVEMBER 28, 2011 THROUGH JULY 18, 2012**

Pursuant to 11 U.S.C. §§ 328 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, McGladrey LLP ("McGladrey") hereby submits this application (the "Final Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, for the final allowance of compensation for professional services rendered to Fred C. Caruso, solely in his capacity as the chapter 11 trustee (the "Trustee"), as independent auditor for Creative Automation Company (the "Engaged Debtor") in the chapter 11 cases of Qualteq, Inc., d/b/a VCT New Jersey, Inc. ("Qualteq") and its affiliated chapter 11 debtors (collectively, with Qualteq, the "Debtors"), in the amount of $70,305.57 for the period commencing November 28, 2011 through and including July 18, 2012 (the "Fee Period"). In support of its Final Application, McGladrey respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estates, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are 327, 328 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the Bankruptcy Court for the Northern District of Illinois.

**Background**

4. On August 14, 2011 (the "Initial Petition Date"), each of the Debtors except for Anar Real Estates, LLC ("Anar") filed petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. On September 11, 2011 (the "Anar Petition Date," and together with the Initial Petition Date, the "Petition Date"), Anar filed its petition for relief with the United States Bankruptcy Court for the District of Delaware.

5. On August 25, 2011, the United States Trustee (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").

6. On February 16, 2012, the United States Bankruptcy Court for the District of Delaware transferred venue to the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

7. On April 5, 2012, Bank of America, N.A., filed the *Motion to Appoint a Chapter 11 Trustee* [Docket No. 202], and on May 2, 2012, the Court entered the *Order Granting Motion for Appointment of a Chapter 11 Trustee* [Docket No. 334].

2

8. On May 9, 2012, the U.S. Trustee filed an application to appoint Fred C. Caruso as chapter 11 trustee in these chapter 11 cases.

9. On May 10, 2012 (the "Appointment Date"), the Court entered an order approving Mr. Caruso's appointment as the Trustee [Docket No. 351], thereby taking the Debtors and their assets out of possession and placing their assets and businesses under the Trustee's control.

**Compensation Paid and its Source**

10. All services for which compensation is requested by McGladrey were performed for or on behalf of the Engaged Debtor during the Fee Period. Attached hereto as **Exhibit B** is a breakdown of the fees earned, and expenses incurred, during the Fee Period as set forth in that certain engagement letter (the "Engagement Letter") between the Engaged Debtor and McGladrey dated as of November 28, 2011 (the "Engagement Date"). Pursuant to the *Order Authorizing the Employment and Retention of McGladrey & Pullen LLP as Independent Auditors for Certain of the Debtors' Estates Nunc Pro Tunc to the Engagement Date* [Docket No. 407] entered on June 6, 2012 (the "Retention Order"), the Trustee was authorized to retain and employ McGladrey as independent auditor for the Engaged Debtor pursuant to sections 327(a), 328, 330, and 331 of the Bankruptcy Code in accordance with the terms and conditions set forth in the Engagement Letter *nunc pro tunc* to the Engagement Date.

11. McGladrey submitted the *First Application of McGladrey LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period November 28, 2011 through May 31, 2012* [Docket No. 469] (the "Monthly Application"), seeking: (a) compensation in the amount of $73,629.75 for McGladrey's fees for services rendered; and (b) reimbursement in the amount of $305.57 for McGladrey's actual, reasonable, and necessary out-of-pocket expenses. However, McGladrey is only seeking compensation for

3

the amounts requested through this Final Application, and has not received, and is no longer seeking, separate compensation for the amounts requested in the Monthly Application that are not included in this Final Application.

12. Pursuant to the Engagement Letter and the Retention Order, the Trustee has agreed to compensate McGladrey in the amount of $70,305.57 for the services rendered and expenses incurred during the Fee Period, subject to the allowance of such compensation pursuant to entry of a final compensation order by the Court.[2]

## Summary of Services Rendered

13. The Trustee selected McGladrey as independent auditor for the Engaged Debtor because of its extensive experience with the Engaged Debtor's operations, accounts, and systems, and because McGladrey could deliver its proposed auditing services in a cost-efficient manner. McGladrey is the fifth largest accounting firm in the United States, with more than 70 offices nationally, including in Illinois and New Jersey. McGladrey is well-versed in providing independent auditing services to financially troubled entities and their stakeholders including debtors in possession, creditors, and trustees. McGladrey is well qualified to represent the Trustee in this case.

14. All services performed by McGladrey fall within the description of services McGladrey agreed to provide to the Trustee and are within the scope of services described in Trustee's application to retain and employee McGladrey as independent auditor for the Engaged Debtor. These services include time incurred in the normal course of the audit process and in preparing the 2011 audit report for the Engaged Debtor and its subsidiaries (the "Audit Report").

---

[2] The fees attached hereto in **Exhibit B** are in excess of $70,000.00, but McGladrey has agreed, subject to this Court's order, to waive payment for services rendered in an amount in excess of $70,000.00.

4

**The Requested Compensation Should be Allowed**

15.     Section 328(a) of the Bankruptcy Code provides the trustee, or a committee appointed under section 1102, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. 11 U.S.C. § 328(a).  Section 328 also states:

> The court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

16.     The foregoing professional services performed by McGladrey were appropriate and necessary.  In particular, the Audit Report prepared by McGladrey is an integral part of the Trustee's effort to maximize the value of the Engaged Debtor's bankruptcy estate through a sale process.  The audited information included in the Audit Report has provided the Trustee the ability to make informed business decisions about the Engaged Debtor and has helped guide the Trustee's negotiations with potential bidders in the auction process.  McGladrey's preparation of the Audit Report was therefore in the best interests of the Trustee and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.  In addition, the professional services were performed in an appropriately expeditious and efficient manner.

K&E 23710554

WHEREFORE, McGladrey requests that final allowance be made to it in the sum of $70,305.57 as compensation for necessary professional services rendered to the Trustee for the Fee Period, and further requests such other and further relief as this Court may deem just and proper.

Dated: October 15, 2012                 Respectfully Submitted,

*/s/ Luke Montoya*
Luke Montoya
**MCGLADREY LLP**
One South Wacker Drive, Suite 800
Chicago, Illinois 60606
Telephone: (312) 634-4421

*Counsel to McGladrey LLP*

K&E 23710554

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUALTEQ, INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**DECLARATION OF TERRY J. SCHWARTZ IN SUPPORT OF THE
FINAL FEE APPLICATION OF MCGLADREY LLP FOR SERVICES
RENDERED AS INDEPENDENT AUDITORS FOR CERTAIN OF THE DEBTORS'
ESTATES FOR THE PERIOD FROM NOVEMBER 28, 2011 THROUGH JULY 18, 2012**

I, Terry J. Schwartz, being duly sworn, state the following under penalty of perjury:

1. I am a Partner of the applicant firm, McGladrey LLP ("McGladrey").

2. I am familiar with the work performed on behalf of the Trustee by the McGladrey professionals.

3. The facts set forth in the foregoing Final Application[2] are true and correct to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Chicago, Illinois                                  */s/ Terry J. Schwartz*
Date: October 15, 2012                      Terry J. Schwartz

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Final Application

K&E 23710554

## EXHIBIT A

**Proposed Order**

K&E 23710554