**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|   |   |
|---|---|
| In re: | ) Chapter 11 |
|   | ) |
| QUALTEQ, INC., | ) Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) |
|   | ) Jointly Administered |
| Debtors. | ) |
|   | ) |

**NOTICE OF THE CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER AMENDING THE FINAL ORDER AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL IN WHICH BURR RIDGE BANK ASSERTS AN INTEREST**

      **PLEASE TAKE NOTICE** that on December 5, 2012, at 9:30 a.m. (prevailing Central Time) or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in Courtroom 744 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the *Chapter 11 Trustee's Motion for an Order Amending the Final Order Authorizing the Debtors to Use Cash Collateral in which Burr Ridge Bank Asserts an Interest* (the "Motion"), at which time and place you may appear if you so desire.

      **PLEASE TAKE FURTHER NOTICE** that you may obtain additional information concerning the above-captioned chapter 11 cases at the website maintained in these chapter 11 cases at http://www.phaseeleven.com/qualteq/.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

K&E 24470314

|  |  |
|---|---|
| Dated:  November 30, 2012 | Respectfully Submitted, |

*/s/ David L. Eaton*
James H.M. Sprayregen, P.C. (IL Bar No. 6190206)
David L. Eaton (IL Bar No. 3122303)
Ryan Preston Dahl (IL Bar No. 6292645)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel to the Chapter 11 Trustee*

2

K&E 24470314

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| QUALTEQ, INC., | ) Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Hearing Date:  December 5, 2012 at |
| | ) 9:30 a.m. (prevailing Central Time) |

**CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER AMENDING THE FINAL ORDER AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL IN WHICH BURR RIDGE BANK ASSERTS AN INTEREST**

Fred C. Caruso, solely in his capacity as the chapter 11 trustee (the "Trustee") in the chapter 11 cases of Qualteq, Inc., d/b/a VCT New Jersey, Inc. ("Qualteq") and its affiliated chapter 11 debtors (collectively, with Qualteq, the "Debtors"), files this motion (this "Motion") for the entry of an order (the "Amended Final Order"), substantially in the form attached hereto as **Exhibit A**:  (a) amending the *Final Order Authorizing the Debtors to Use Cash Collateral in which Burr Ridge Bank Asserts an Interest* [Delaware Docket No. 263] (the "Original Burr Ridge Order"), thereby authorizing 5300 Katrine, LLC ("5300 Katrine") and Anar Real Estate, LLC ("Anar Real Estate") to use cash collateral in which Burr Ridge Bank ("Burr Ridge") asserts an interest, entered pursuant to sections 361 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

K&E 24470314

Procedure (the "Bankruptcy Rules"); and (b) granting related relief. In support of this Motion, the Trustee respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105, 361, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

### Relief Requested

4. By this Motion, the Trustee seeks the entry of the Amended Final Order, substantially in the form attached hereto as **Exhibit A**: (a) amending the Original Burr Ridge Order, thereby authorizing 5300 Katrine and Anar Real Estate to use cash collateral in which Burr Ridge asserts an interest; and (b) granting related relief.

### Background

5. On August 14, 2011 (the "Initial Petition Date"), each of the Debtors except for Anar Real Estate filed petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. On September 11, 2011 (the "Anar Petition Date," and together with the Initial Petition Date, the "Petition Date"), Anar Real Estate filed its petition for relief with the United States Bankruptcy Court for the District of Delaware (the "Delaware Court").

2

6.  On August 25, 2011, the United States Trustee (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").

7.  On February 16, 2012, the Delaware Court transferred venue to the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

8.  On April 5, 2012, Bank of America, N.A., filed the *Motion to Appoint a Chapter 11 Trustee* [Docket No. 202], and on May 2, 2012, the Court entered the *Order Granting Motion for Appointment of a Chapter 11 Trustee* [Docket No. 334].

9.  On May 9, 2012, the U.S. Trustee filed an application to appoint Fred C. Caruso as chapter 11 trustee in these chapter 11 cases.

10. On May 10, 2012 (the "Appointment Date"), the Court entered an order approving Mr. Caruso's appointment as the Trustee [Docket No. 351], thereby taking the Debtors and their assets out of possession and placing their assets and businesses under the Trustee's control.

**The Amended Final Order**

11. On October 6, 2011, the Delaware Court entered the Original Burr Ridge Order. Subsequently, 5300 Katrine and Anar Real Estate used cash collateral to fund ongoing operations at real estate owned by 5300 Katrine and the expenses of these chapter 11 cases in accordance with that order.

12. Following his appointment, the Trustee reviewed the cash collateral and financing orders entered in these chapter 11 cases to determine the extent to which any modification could be required by his appointment. Through this review, the Trustee determined that the Original Burr Ridge Order was not necessarily binding on the Trustee. (See Original Burr Ridge Order ¶ 10 ("The terms and provisions of the Order shall be binding upon the Katrine Entities and its successors and assigns, excluding any trustee appointed in this case.").)

3

13.  The Trustee and Burr Ridge therefore began negotiating modifications to the Original Burr Ridge Order to reflect the Trustee's appointment and to address ancillary issues, such as the Trustee's reporting requirements.  Burr Ridge and the Trustee have completed these negotiations and agreed to implement technical changes to the Original Burr Ridge Order to clarify that the order is applicable to the Trustee and to confirm that the Trustee will cause the applicable Debtors to perform under the order, as amended.  Pursuant to the Amended Final Order, the Trustee will continue to provide Burr Ridge with 13-week disbursement budgets covering 5300 Katrine and Anar Real Estate as required by the Original Burr Ridge Order.  The following summarizes the material differences between the Original Burr Ridge Order and the Amended Final Order:[2]

| **Original Burr Ridge Order** | **Amended Final Order** |
| --- | --- |
| - Debtors were authorized to exceed budgeted amount for all categories in the budget by up to 15% as measured on a monthly basis. | - Trustee is authorized to exceed budgeted amount for all categories in the budget by up to $1,500 as measured on a four-week basis. |
| - Debtors were to provide Burr Ridge and the Committee monthly reconciliations of actual to budgeted income and expenses. | - Trustee shall provide Burr Ridge and the Committee a four-week reconciliation of actual to budgeted income and expenses. |

14.  The Trustee will not incur any additional obligations pursuant to the Amended Final Order versus the Original Burr Ridge Order and is not providing Burr Ridge with any additional security pursuant to the relief requested herein.  In addition, the Trustee has vetted the Amended Final Order with the professionals for the Committee.

### Basis for Relief

15.  The Trustee respectfully submits that the proposed Amended Final Order reflects a sound exercise of business judgment and is in the best interests of the chapter 11 estates, and

---

[2]  A comparison of the Amended Final Order with the Original Burr Ridge Order is attached hereto as **Exhibit B**.

4

may therefore be approved pursuant to section 363(b) of the Bankruptcy Code. See, e.g., Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991) (holding that a trustee may use property out of the ordinary course pursuant to section 363 where such use is based on "sound business reasons"); In re Telesphere Commc'ns, Inc., 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994) (noting that the "general thrust" for court approval under section 363 of the debtors' use of estate property is that the action be in "the best interest of the estate").

16.     In addition, this "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" pursuant to section 105(a) of the Bankruptcy Code. 11 U.S.C. § 105(a). This Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets pursuant to section 105(a). See, e.g., In re Chinichian, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); Bird v. Crown Convenience (In re NWFX, Inc.), 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy . . . is that equitable principles govern.); In re Cooper Props. Liquidating Trust, Inc., 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("[T]he Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

17.     The relief requested herein is a sound exercise of the Trustee's business judgment. The Amended Final Order does not require the Trustee to incur any additional obligations or provide Burr Ridge with any further protection for its cash collateral. Instead, the Trustee will continue to provide Burr Ridge with disbursement budgets and related reconciliation information in exchange for the continued use of Burr Ridge's cash collateral at 5300 Katrine. The Trustee's

5

reporting requirements and ability to use such cash collateral in excess of the budgeted amount have been amended solely to reflect the economic realities for 5300 Katrine and the budgeting process, and do not reflect significant amendments to the Original Burr Ridge Order.

18. The entry of the Amended Final Order will therefore continue to protect both Burr Ridge's interest in its cash collateral and the Trustee's right to use such cash collateral to make disbursements on behalf of 5300 Katrine. Because 5300 Katrine is not a Selling Debtor,[3] this continued access to cash collateral will preserve operational continuity and will allow the Trustee to focus on maximizing 5300 Katrine's value. Accordingly, the Trustee respectfully submits that the Amended Final Order is in the best interest of the chapter 11 estates, reflects a sound exercise of business judgment, and should be entered by this Court.

## Conclusion

19. For the reasons set forth herein, the Trustee respectfully requests that the Court enter the Amended Final Order granting the relief requested herein.

## Notice

20. The Trustee has caused notice of this Motion to be given to the following parties: (a) the U.S. Trustee; (b) counsel to Brenda Porter Helms, the chapter 7 trustee in the jointly administered cases of Pethinaidu Veluchamy and Parameswari Veluchamy; (c) counsel to the Committee; (d) counsel to Burr Ridge; and (e) all parties who have filed appearances or requested notices through the Court's CM/ECF system. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

---

[3] "Selling Debtors" means: Automated Presort Inc.; Creative Automation Co.; Fulfillment Xcellence, Inc.; Global Card Services Inc.; Qualteq, Inc.; Unique Data Services, Inc.; Unique Embossing Services, Inc.; Unique Mailing Services, Inc.; Veluchamy LLC; Versatile Card Technology, Inc.; and Vmark, Inc.

6

## **Prior Request**

21. No prior motion for the relief requested herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

K&E 24470314

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter the Amended Final Order to: (a) amend the Original Burr Ridge Order, as provided herein; and (b) grant related relief.

Dated: November 30, 2012
Chicago, Illinois

/s/ David L. Eaton
James H.M. Sprayregen, P.C. (IL Bar No. 6190206)
David L. Eaton (IL Bar No. 3122303)
Ryan Preston Dahl (IL Bar No. 6292645)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel to the Chapter 11 Trustee*

8

K&E 24470314