UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                          )
                                                )
                                                )     Case No. 12 B 05861
         QUALTEQ, INC.,                         )
         d/b/a VCT NEW JERSEY, INC., et al.,    )
                                                )
                                                )     Chapter 11
              Debtors.                          )
_____)

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO
KIRKLAND & ELLIS LLP, ATTORNEYS FOR THE TRUSTEE, FOR ALLOWANCE AND PAYMENT
OF <u>INTERIM</u> COMPENSATION AND REIMBURSEMENT OF EXPENSES

TOTAL FEES REQUESTED:   $1,948,028.50        TOTAL COSTS REQUESTED:   $54,414.93
TOTAL FEES REDUCED:           $820.00        TOTAL COSTS REDUCED:     $18,273.59
TOTAL FEES ALLOWED:     $1,947,208.50        TOTAL COSTS ALLOWED:     $36,141.34

TOTAL FEES AND COSTS ALLOWED: $1,983,349.84
                                 1,947,208.50

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for
each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical
notations correspond to the enumerated paragraphs below.


(4)      **Insufficient Description**

         The Court denies the allowance of compensation for the following task since the description of the time
entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D.
Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a
description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted]
Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700,
708-9 (Bankr. N.D. Ill. 1987) (same).


(11)     **Overhead Costs are Non-Compensable**

         The Court denies reimbursement for fees or expenses that are overhead costs.  Expenses which are
overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731
(Bankr. N.D. Ill. 1987).  Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs
or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re
Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164
(Bankr. N.D. Ill. 1985)).

(12)     **Clerical Work Not Compensable**

         The court disallows the compensation of clerical or stenographic employees of the professional for the
performance of routine clerical or administrative activities in the normal course of the professional's business, such
as photocopying, secretarial work, or routine filing.  Such activities are not in the nature of professional services and
must be absorbed by the applicant's firm as an overhead expense. *In re Dimas, LLC*, 357 B.R. 563, 577 (Bankr.
N.D. Cal. 2006) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). *See also In re Chellino*, 209 B.R. 106,

114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

Dated:  February 13, 2013

Eugene R. Wedoff
United States Bankruptcy Judge

Legal Services for the Period Ending October 31, 2012
Fred C. Caruso, as Chapter 11 Trustee
   2 - Adversary Proceedings, Contested Matters

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 10/23/12 | David Ogles | .80 | 296.00 | Telephone conference with M. Marcus and E. Lawson re strategy. |
| 10/23/12 | Micah E Marcus | 2.70 | 1,849.50 | Review BofA claims (1.0); analyze and research re potential defenses and third party claims re same (1.5); office conference with S. McMillin re same (.2). |
| 10/23/12 | Scott A McMillin, P.C. | 1.00 | 795.00 | Analyze Veluchamy litigation claims (.3); office conferences with working group re same (.3); telephone conference with B. Klein re additional interviews (.2); office conferences re same (.2). |
| 10/24/12 | David Ogles | .60 | 222.00 | Research re Veluchamy litigation. |
| 10/24/12 | David Ogles | .90 | 333.00 | Analyze claims re Veluchamy litigation. |
| 10/24/12 | Scott A McMillin, P.C. | 1.00 | 795.00 | Analyze Veluchamy litigation issues (.3); office conferences re Bank of America witness interviews (.3); review Veluchamy bid package (.4). |
| 10/25/12 | Scott A McMillin, P.C. | .50 | 397.50 | Analyze Bank of America witness interview requests (.3); office conferences with working group re same (.2). |
| 10/26/12 | Scott A McMillin, P.C. | .80 | 636.00 | Correspond with employee interviews. |
| 10/29/12 | David Ogles | .90 | 333.00 | Outline and draft memorandum re Veluchamy litigation research. |
| 10/29/12 | David Ogles | 3.50 | 1,295.00 | Draft and revise memorandum re same (3.2); correspond re same (.3). |
| 10/29/12 | Scott A McMillin, P.C. | 1.00 | 795.00 | Review employee interview documents (.6); prepare for meeting with employee (.4). |

10

Legal Services for the Period Ending September 30, 2012
Fred C. Caruso, as Chapter 11 Trustee
    7 - Cash Collateral, DIP & Financing

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 9/28/12 | Katharine Mascarenhas | 4.80 | 3,144.00 | Telephone conference with Katten, K&E team re loan agreement, guaranty and security agreement (.6); telephone conference with DSI re loan agreement (.4); telephone conference with K&E team re collateral matters (.8); telephone conference with IP Specialist re loan agreement comments (.9); telephone conference with M Farnsworth re schedules to loan agreement, guaranty and security agreement (.3); telephone conference with DSI re landlord waivers status (.2); correspond with K&E team re deliverables for loan facility (1.6). |
| 9/28/12 | David L Eaton | .40 | 410.00 | Revise DIP documents. |
| 9/29/12 | Neil S Hirshman, P.C. | .70 | 647.50 | Review loan agreement (.5); conference with V. Narayanan and K. Mascarenhas re same (.2). |
| 9/30/12 | Ilan Napchan | .30 | 208.50 | Telephone conference with team re tax issues. |
| 9/30/12 | Katharine Mascarenhas | 2.20 | 1,441.00 | Review and revise loan and security agreement (1.6); correspond with specialists and M. Kilkenney re same (.6). |
|  |  | 192.50 | $109,364.00 | TOTAL HOURS |