**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QUALTEQ, INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |

**NOTICE OF THE CHAPTER 11 TRUSTEE'S
MOTION FOR AN ORDER (I) AMENDING THE FINAL ORDER
AUTHORIZING USE OF CASH COLLATERAL IN WHICH MB FINANCIAL
BANK, N.A. ASSERTS AN INTEREST AND (II) GRANTING RELATED RELIEF**

     **PLEASE TAKE NOTICE** that on April 23, 2013, at 10:00 a.m. (prevailing Central Time) or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in Courtroom 744 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the *Chapter 11 Trustee's Motion for an Order (I) Amending the Final Order Authorizing Use of Cash Collateral in which MB Financial Bank, N.A. Asserts an Interest and (II) Granting Related Relief* (the "Motion"), at which time and place you may appear if you so desire.

     **PLEASE TAKE FURTHER NOTICE** that you may obtain additional information concerning the above-captioned chapter 11 cases at the website maintained in these chapter 11 cases at http://www.phaseeleven.com/qualteq/.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

K&E 25390887

Dated:  April 18, 2013

Respectfully Submitted,

*/s/ David L. Eaton*
James H.M. Sprayregen, P.C. (IL Bar No. 6190206)
David L. Eaton (IL Bar No. 3122303)
Ryan Preston Dahl (IL Bar No. 6292645)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel to the Chapter 11 Trustee*

2

K&E 25390887

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| QUALTEQ, INC., ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Hearing Date: April 23, 2013, at |
| ) | 10:00 a.m. (prevailing Central Time) |

**CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER (I) AMENDING THE FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL IN WHICH MB FINANCIAL BANK, N.A. ASSERTS AN INTEREST AND (II) GRANTING RELATED RELIEF**

Fred C. Caruso, solely in his capacity as the chapter 11 trustee (the "Trustee") in the chapter 11 cases of Qualteq, Inc., d/b/a VCT New Jersey, Inc. ("Qualteq") and its affiliated chapter 11 debtors (collectively, with Qualteq, the "Debtors"), files this motion (this "Motion") for the entry of an order (the "Amended Final Order"), substantially in the form attached hereto as **Exhibit A**: (a) amending the *Final Order Authorizing Use of Cash Collateral in which MB Financial Bank, N.A. Asserts an Interest* [Delaware Docket No. 272] (the "Original MB Financial Order"), thereby authorizing Avadamma, LLC ("Avadamma") and Anar Real Estate, LLC ("Anar Real Estate") to use cash collateral in which MB Financial Bank, N.A. ("MB Financial") asserts an interest, entered pursuant to sections 361 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

Procedure (the "Bankruptcy Rules"); and (b) granting related relief.  In support of this Motion, the Trustee respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105, 361, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

### Relief Requested

4. By this Motion, the Trustee seeks the entry of the Amended Final Order, substantially in the form attached hereto as **Exhibit A**:  (a) amending the Original MB Financial Order, thereby authorizing Avadamma and Anar Real Estate to use cash collateral in which MB Financial asserts an interest; and (b) granting related relief.

### Background

5. On August 14, 2011 (the "Initial Petition Date"), each of the Debtors except for Anar Real Estate filed petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  On September 11, 2011 (the "Anar Petition Date," and together with the Initial Petition Date, the "Petition Date"), Anar Real Estate filed its petition for relief with the United States Bankruptcy Court for the District of Delaware (the "Delaware Court").

2

6.  On August 25, 2011, the United States Trustee (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").

7.  On February 16, 2012, the Delaware Court transferred venue to the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

8.  On April 5, 2012, Bank of America, N.A., filed the *Motion to Appoint a Chapter 11 Trustee* [Docket No. 202], and on May 2, 2012, the Court entered the *Order Granting Motion for Appointment of a Chapter 11 Trustee* [Docket No. 334].

9.  On May 9, 2012, the U.S. Trustee filed an application to appoint Fred C. Caruso as chapter 11 trustee in these chapter 11 cases.

10. On May 10, 2012 (the "Appointment Date"), the Court entered an order approving Mr. Caruso's appointment as the Trustee [Docket No. 351], thereby taking the Debtors and their assets out of possession and placing their assets and businesses under the Trustee's control.

### The Amended Final Order

11. On October 6, 2011, the Delaware Court entered the Original MB Financial Order. Subsequently, Avadamma and Anar Real Estate used cash collateral to fund ongoing operations at real estate owned by Avadamma and the expenses of these chapter 11 cases in accordance with that order. After his appointment, the Trustee continued to use cash collateral on behalf of Avadamma and Anar Real Estate, and continued to comply with the requirements of the Original MB Financial Order.

12. On November 30, 2012, the Trustee completed the sale of substantially all of the chapter 11 estates' operating assets. *See* [Docket No. 948]. At that time, the Trustee turned his attention to the sale of the chapter 11 estates' real property assets, including Avadamma's owned real property. Subsequently, on January 16, 2013, this Court entered an order approving the

3

auction process for the chapter 11 estates' real estate assets, including the property owned by Avadamma. *See* [Docket No. 1022]. Throughout this auction process, the Trustee has negotiated new extended budgets, as necessary, with the mortgage lenders for the chapter 11 estates' owned real property, including MB Financial, regarding the necessary costs of preserving and disposing of the real property, including the increased costs associated with auctioning off and negotiating the sale of the real properties.

13.   At the same time, the Trustee has also been engaged in a process to confirm a chapter 11 plan to distribute the assets from both the sale of the operating assets and any sales of the real estate assets. As part of the plan and auction process, the Trustee has recognized that the four properties owned by Avadamma may not generate sufficient consideration to satisfy MB Financial's mortgage claims. Given this issue, the Trustee and MB Financial undertook significant, arm's-length negotiations to resolve potential issues surrounding the use of MB Financial's cash collateral as part of the auction process by the Trustee on behalf of Avadamma and Anar Real Esate as well as the treatment of MB Financial's Claim at Avadamma pursuant to the *Chapter 11 Trustee's First Amended Joint Plan of Liquidation for Qualteq, Inc., d/b/a VCT New Jersey, and Its Affiliated Chapter 11 Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1306] (as may be amended or modified from time to time and including all exhibits and supplements thereto, the "Plan"). These negotiations have been successful and have led to the parties' agreement to the Amended Final Order.

14.   Pursuant to the Amended Final Order, the Trustee will continue to provide MB Financial with 13-week disbursement budgets covering Avadamma and Anar Real Estate as required by the Original MB Financial Order, and the parties will continue to negotiate in good faith regarding the expenses approved in such extended budgets. In addition, the Trustee is not

4

K&E 25390887

granting MB Financial any further security interests as adequate protection for the Trustee's use of MB Financial's cash collateral. The Trustee and MB Financial have also agreed to certain facts underlying MB Financial's secured interests. The following summarizes the material differences between the Original MB Financial Order and the Amended Final Order, as required by Local Rule 4001-2:[2]

| **Original MB Financial Order** | **Amended Final Order** |
|---|---|
| • No waiver of section 506(c) claims. | • The Trustee, on behalf of Avadamma, has agreed to waive its claims under section 506(c) of the Bankruptcy Code, provided that such waiver with respect to any and all reasonable, necessary costs and expenses arising or payable from the period on and after December 1, 2012 to and including the effective date of a chapter 11 plan for Avadamma shall be conditioned upon MB Financial's affirmative vote in favor of the Plan and good faith negotiations regarding any extended budget in connection with the Amended Final Order. See Amended Final Order ¶ 11. |
| • No stipulation as to validity of MB Financial's liens. | • The Trustee has agreed that MB Financial has valid liens securing its loans, and the Amended Final Order provides that such liens are valid in all respects. See Amended Final Order ¶¶ J, K, 12. |

## Basis for Relief

15.     The Trustee respectfully submits that the proposed Amended Final Order reflects a sound exercise of business judgment and is in the best interests of the chapter 11 estates, and may therefore be approved pursuant to section 363(b) of the Bankruptcy Code. See, e.g., Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991) (holding that a trustee may use property out of the ordinary course pursuant to section 363 where such use is based on "sound business reasons"); In re Telesphere Commc'ns, Inc., 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994) (noting that the "general thrust" for court approval under section 363 of the debtors' use of estate property is that the action be in "the best interest of the estate").

---

[2]  A comparison of the Amended Final Order with the Original MB Financial Order is attached hereto as **Exhibit B**. The following summary is provided for illustrative purposes only and is qualified in its entirety by reference to the Amended Final Order. In the event of any inconsistency between this summary and the Amended Final Order, the Amended Final Order shall control in all respects

K&E 25390887

16.     In addition, this "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" pursuant to section 105(a) of the Bankruptcy Code. 11 U.S.C. § 105(a). This Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets pursuant to section 105(a). See, e.g., In re Chinichian, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); Bird v. Crown Convenience (In re NWFX, Inc.), 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy . . . is that equitable principles govern."); In re Cooper Props. Liquidating Trust, Inc., 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("[T]he Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

17.     The relief requested herein is a sound exercise of the Trustee's business judgment. The Amended Final Order is the product of good faith, arm's-length negotiations between the Trustee and MB Financial related to the Trustee's auction process for the chapter 11 estates' owned real property and the Plan. These negotiations are a crucial part of the Trustee's ability to successfully sale Avadamma's owned real property and to distribute the proceeds from such sales. Thus, the Amended Final Order is part in parcel with the real estate sale process and the Trustee's Plan, which the Trustee has proposed to efficiently distribute the proceeds of that sale. Moreover, the Trustee has vetted the Amended Final Order with the professionals for the Committee. Accordingly, the Trustee respectfully submits that the Amended Final Order is in the best interest of the chapter 11 estates, reflects a sound exercise of business judgment, and should be entered by this Court.

**Provisions Under Local Rule 4001-2**

18.     Local Rule 4001-2 requires the Trustee to highlight and identify the location of certain provisions including in the Amended Final Order and state the justification for the inclusion of such provision.

19.     <u>Stipulation to Liens</u>.  Under Local Rule 4001-2(A)(2)(b), the Trustee must disclose where the estate waives its rights under section 506(c) of the Bankruptcy Code. Pursuant to **Paragraphs J, K, and 12** of the Amended Final Order, the Trustee has agreed, upon entry of the Amended Final Order by the Court, to bind the chapter 11 estates with respect to the validity, perfection, and amount of the secured creditor's prepetition lien or debt.  In addition, pursuant to **Paragraph 12** of the Amended Final Order, the Trustee has agreed to bind other parties in interest to such valid and perfected liens, and has vetted this issue with the Committee. The Trustee has agreed to these provisions because the Trustee has had the time to review and verify MB Financial's filings with respect to the mortgages securing MB Financial's interest in Avadamma's owned real property.  Given that these chapter 11 cases have been ongoing for more than 19 months, the Trustee believes that other parties have also had sufficient time to challenge MB Financial's liens.

20.     <u>Waiver of Section 506(c)</u>.  Under Local Rule 4001-2(A)(2)(c), the Trustee must disclose where the estate waives its rights under section 506(c) of the Bankruptcy Code. Pursuant to **Paragraph 11** of the Amended Final Order, the Trustee has agreed, upon entry of the Amended Final Order by the Court, (a) to irrevocably waive section 506(c) claims against MB Financial for the period from the Petition Date to and through November 30, 2012, and (b) to waive section 506(c) claims against MB Financial for the period from and including December 1, 2012 through the effective date of a chapter 11 plan for Avadamma that is confirmed by the Court, but only if (i) MB Financial votes in favor of the Plan and

(ii) MB Financial negotiates any extended budget required by the Amended Final Order in good faith. The Trustee determined that this limited waiver of section 506(c) claims against MB Financial was a reasonable condition to obtain MB Financial's affirmative support for the Plan and for the completion of the Court-approved real estate auction process. In addition, the Trustee determined that retaining the right to surcharge any and all of MB Financial's collateral pursuant to section 506(c) on and after December 1, 2012 to the extent that MB Financial fails to support the Plan or to negotiate an extended budget in good faith would preserve valuable claims for the chapter 11 estates if such surcharge claims are necessary.

## Conclusion

21.    For the reasons set forth herein, the Trustee respectfully requests that the Court enter the Amended Final Order granting the relief requested herein.

## Notice

22.    The Trustee has caused notice of this Motion to be given to the following parties: (a) the U.S. Trustee; (b) counsel to Brenda Porter Helms, the chapter 7 trustee in the jointly administered cases of Pethinaidu Veluchamy and Parameswari Veluchamy; (c) counsel to the Committee; (d) counsel to MB Financial; and (e) all parties who have filed appearances or requested notices through the Court's CM/ECF system. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## Prior Request

23.    No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter the Amended Final Order to: (a) amend the Original MB Financial Order, as provided herein; and (b) grant related relief.

Dated: April 18, 2013
Chicago, Illinois

/s/ David L. Eaton
James H.M. Sprayregen, P.C. (IL Bar No. 6190206)
David L. Eaton (IL Bar No. 3122303)
Ryan Preston Dahl (IL Bar No. 6292645)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel to the Chapter 11 Trustee*