UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUALTEQ, INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Objection Deadline: July 9, 2013 at 4:00 p.m. |
| | ) | Hearing Date: July 16, 2013 at 9:30 a.m. |

**SIXTH AND FINAL FEE APPLICATION REQUEST OF
COZEN O'CONNOR FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES AS LOCAL COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE INTERIM
PERIOD OF DECEMBER 1, 2012 THROUGH MAY 3, 2013 AND THE FINAL PERIOD
OF SEPTEMBER 22, 2011 THROUGH MAY 31, 2013**

Cozen O'Connor ("Cozen"), local counsel to the Official Committee of Unsecured Creditors (the "Committee") hereby submits this Sixth and Final Fee Application for Allowance of Compensation and Reimbursement of Expenses for the Interim Period of December 1, 2012 through May 3, 2013 and the Final Period of September 22, 2011 through May 3, 2012 (the "Final Application"). In support thereof, Cozen respectfully represents as follows:

**BACKGROUND**

1. On August 14, 2011 (the "Petition Date"), each of the above-captioned Debtors except for Debtor Anar Real Estate, LLC ("Anar") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). By Order dated August 16, 2011, the cases were

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (ii) 1400 Centre Circle, LLC (7091); (iii) 5200 Thatcher, LLC (6991); (iv) 5300 Katrine, LLC (6016); (v) Anar Real Estate, LLC (9267); (vi) Automated Presort, Inc. (0850); (vii) Avadamma LLC (4775; 4800; 4810; 4829); (viii) Creative Automation Company (4350); (ix) Creative Investments, a General Partnership (5992); (x) Fulfillment Xcellence, Inc. (3461); (xi) Global Card Services, Inc. (4581); (xii) Unique Data Services, Inc. (1068); (xiii) Unique Embossing Services, Inc. (1043); (xiv) Unique Mailing Services, Inc. (2594); (xv) Versatile Card Technology, Inc. (5258); (xvi) Veluchamy LLC (3434); and (xvii) Vmark, Inc. (5904).

consolidated for procedural purposes only and are being jointly administered [Delaware Docket No. 28].

2. On August 25, 2011, the Office of the United States Trustee for the District of Delaware appointed the Committee pursuant to Section 1102 of title 11 of the United States Code (the "Bankruptcy Code"). The Committee selected Lowenstein Sandler LLP to serve as its counsel and Cozen to serve as its co-counsel.

3. On September 6, 2011, the Delaware Bankruptcy Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Administrative Order") [Delaware Docket No. 125].

4. On September 11, 2011, Anar filed a petition for relief under chapter 11 of the Bankruptcy Code, which case was consolidated with the initial Debtors' chapter 11 cases for procedural purposes only and these chapter 11 cases (the "Chapter 11 Cases") were jointly administered [Delaware Docket No. 172].

5. On October 20, 2011, The Delaware Bankruptcy Court entered an order (the "Retention Order") authorizing Cozen's retention *nunc pro tunc* to September 22, 2011 [Delaware Docket No. 392].

6. The Retention Order authorizes Cozen to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

7. At all relevant times, Cozen has been a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code and has not represented nor held any interest adverse to these estates.

8. On February 17, 2012, the Delaware Bankruptcy Court transferred venue of the Chapter 11 Cases to the United States Bankruptcy Court for the Northern District of Illinois (the "Illinois Bankruptcy Court").

9. On April 5, 2012, Bank of America, N.A. filed a Motion to Appoint a Chapter 11 Trustee [Illinois Docket No. 202]. On May 2, 2012, the Illinois Bankruptcy Court entered an Order for Appointment of a Chapter 11 Trustee [Illinois Docket No. 334].

10. On May 9, 2012, the U.S. Trustee filed an application to appoint Fred C. Caruso as chapter 11 trustee (the "Chapter 11 Trustee") in these Chapter 11 Cases.

11. On May 10, 2012, the Illinois Bankruptcy Court entered an order approving Mr. Caruso's appointment as the Chapter 11 Trustee [Illinois Docket No. 351].

12. On April 23, 2013, the Illinois Bankruptcy Court entered an order (the "Confirmation Order") confirming the Chapter 11 Trustee's First Amended Joint Plan of Liquidation for Qualteq, Inc., d/b/a VCT New Jersey, and Certain of Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code (With Technical Amendments) (the "Plan") [Illinois Docket Nos. 1555 and 1530]. The Plan is the product of negotiations between the Committee, the Chapter 11 Trustee and other constituents in these cases, and provided for payment in full to the unsecured creditors represented by the Committee.

13. During the period covered by this Final Application, Cozen has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity in connection with the matters covered by this Final Application, other than payments made by the Debtors and the Chapter 11 Trustee pursuant to monthly fee applications and interim fee applications filed and approved under the procedures fixed in the Administrative Order. There is no agreement or understanding between Cozen and any other person other than

among the shareholders of Cozen for the sharing of compensation to be received for services rendered in these cases.

14. No previous fee application has been filed for the fees and expenses requested herein other than as set forth herein below.

15. On November 10, 2011, Cozen filed the First Monthly Application of Cozen O'Connor for Allowance of Compensation and Reimbursement of Expenses (the "First Monthly Application") requesting a total of $10,537.82 for the period September 22, 2011 through October 31, 2011. On December 2, 2011, Cozen filed a Certificate of No Objection with respect to the First Monthly Application.

16. On January 13, 2012, Cozen filed the Second Monthly Application of Cozen O'Connor for Allowance of Compensation and Reimbursement of Expenses (the "Second Monthly Application") requesting a total of $15,221.68 for the period November 1, 2011 through December 31, 2011. On February 2, 2012, Cozen filed a Certificate of No Objection with respect to the Second Monthly Application.

17. On March 15, 2012, Cozen filed the Third Monthly Application of Cozen O'Connor for Allowance of Compensation and Reimbursement of Expenses (the "Third Monthly Application") requesting a total of $12,738.98 for the period January 1, 2012 through February 29, 2012. On April 10, 2012, Cozen filed a Certificate of No Objection with respect to the Third Monthly Application.

18. On April 11, 2012, Cozen filed the Fourth Monthly Application of Cozen O'Connor for Allowance of Compensation and Reimbursement of Expenses (the "Fourth Monthly Application") requesting a total of $7,474.00 for the period March 1, 2012 through

March 31, 2012. On May 3, 2012, Cozen filed a Certificate of No Objection with respect to the Fourth Monthly Application.

19. On May 14, 2012, Cozen filed the Fifth Monthly Application of Cozen O'Connor for Allowance of Compensation and Reimbursement of Expenses (the "Fifth Monthly Application") requesting a total of $10,280.24 for the period April 1, 2012 through April 30, 2012. On June 7, 2012, Cozen filed a Certificate of No Objection with respect to the Fifth Monthly Application.

20. On June 11, 2012, Cozen filed the Sixth Monthly Application of Cozen O'Connor for Allowance of Compensation and Reimbursement of Expenses (the "Sixth Monthly Application") requesting a total of $14,985.96 for the period May 1, 2012 through May 31, 2012. On July 9, 2012, Cozen filed a Certificate of No Objection with respect to the Sixth Monthly Application.

21. On July 11, 2012, Cozen filed the Seventh Monthly Application of Cozen O'Connor for Allowance of Compensation and Reimbursement of Expenses (the "Seventh Monthly Application") requesting a total of $8,058.36 for the period June 1, 2012 through June 30, 2012. On August 3, 2012, Cozen filed a Certificate of No Objection with respect to the Seventh Monthly Application.

22. On September 13, 2012, Cozen filed the Eighth Monthly Application of Cozen O'Connor for Allowance of Compensation and Reimbursement of Expenses (the "Eighth Monthly Application") requesting a total of $8,079.36 for the period July 1, 2012 through August 31, 2012. On October 8, 2012, Cozen filed a Certificate of No Objection with respect to the Eighth Monthly Application.

23. On October 17, 2012, Cozen filed the Ninth Monthly Application of Cozen O'Connor for Allowance of Compensation and Reimbursement of Expenses (the "Ninth Monthly Application") requesting a total of $9,514.37 for the period September 1, 2012 through September 30, 2012. On November 9, 2012, Cozen filed a Certificate of No Objection with respect to the Ninth Monthly Application.

24. On December 19, 2012, Cozen filed the Tenth Monthly Application of Cozen O'Connor for Allowance of Compensation and Reimbursement of Expenses (the "Tenth Monthly Application") requesting a total of $6,699.68 for the period October 1, 2012 through November 30, 2012. On January 10, 2013, Cozen filed a Certificate of No Objection with respect to the Tenth Monthly Application.

25. On March 18, 2013, Cozen filed the Eleventh Monthly Application of Cozen O'Connor for Allowance of Compensation and Reimbursement of Expenses (the "Eleventh Monthly Application") requesting a total of $7,132.76 for the period December 1, 2012 through February 28, 2013. On April 11, 2013, Cozen filed a Certificate of No Objection with respect to the the Monthly Application.

**RELIEF REQUESTED**

26. By this Final Application, Cozen seeks interim approval and allowance of compensation and reimbursement of expenses for the interim period of December 1, 2012 through May 3, 2013 (the "Sixth Interim Period"), including authorization for the Debtors to pay the 20% fee holdback as provided under the Administrative Order".

27. Cozen has filed and served one monthly fee application during the Sixth Interim Period. The monthly fee application is incorporated by reference as if fully set forth herein (the "Fee Application"). Included in this Final Application, is Cozen's Twelfth Monthly Fee

Application for allowance and compensation in the amount of $6,040.00 and reimbursement of expenses in the amount of $243.22 for the period March 1, 2013 through May 3, 2013 (the Twelfth Monthly Period"). A copy of the computer generated time entries reflecting the time recorded during the Twelfth Monthly Period, organized in project billing categories in accordance with the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, is attached as Exhibit "A".

28. A summary of the hours spent, the names of each Cozen professional and paraprofessional rendering services to the Committee during the Sixth Interim Period, the regular customary billing rates, and the total value of time incurred by each of Cozen's professionals and paraprofessionals rendering services to the Committee is attached hereto as Exhibit "B." A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, is attached to each Fee Application as Exhibit "B." A summary of the expenses incurred by Cozen during the Sixth Interim Period is attached hereto as Exhibit "C." A copy of the statement of expenses is attached to each Fee Application as Exhibit "C."

**FINAL APPROVAL OF THIS APPLICATION AND ALL
PRIOR INTERIM APPLICATIONS IS REASONABLE
AND APPROPRIATE AT THIS TIME**

29. Cozen incorporates by reference each of its previous eleven (11) monthly fee applications and its five (5) interim fee application, and all notices, certificates of no objection, and orders relating to such applications.

30. Cozen's first interim fee application (the "First Interim Fee Application") was approved in the total of amount of $10,537.82 by an Order of Delaware Bankruptcy Court dated December 28, 2011 [Delaware Docket No. 460] for fees and expenses from September 22, 2011 through October 31, 2011, after notice of the First Interim Fee application to all interested parties pursuant to the Administrative Order. The amount requested herein includes the sum of the fees and expenses requested in Cozen's First Monthly Fee Application.

31. Cozen's second interim fee application (the "Second Interim Fee Application") was approved in the total amount of $19,536.23 by an Order of this Court dated September 27, 2012 [Illinois Docket No. 727] for fees and expenses from November 1, 2011 through January 31, 2012 after notice of the Second Interim Fee Application to all interested parties pursuant to the Administrative Order. The amount requested herein includes the sum of the fees and expenses requested in Cozen's Second and Third (March only) Monthly Fee Application.

32. Cozen's third interim fee application (the "Third Interim Fee Application") was approved in the total amount of $25,019.28 by an Order of this Court dated October 24, 2012, 2012 [Illinois Docket No. 813] for fees and expenses from February 1, 2012 through April 30, 2012 after notice of the Third Interim Fee Application to all interested parties pursuant to the Administrative Order. The amount requested herein includes the sum of the fees and expenses requested in Cozen's Third (April only), Fourth and Fifth Monthly Fee Application.

33. Cozen's fourth interim fee application (the "Fourth Interim Fee Application") was approved in the total amount of $27,536.68 by an Order of this Court dated March 7, 2013 [Illinois Docket No. 1287] for fees and expenses from May 1, 2012 through July 31, 2012 after notice of the Fourth Interim Fee Application to all interested parties pursuant to the

Administrative Order. The amount requested herein includes the sum of the fees and expenses requested in Cozen's Sixth, Seventh and Eighth (July only) Monthly Fee Application.

34. Cozen's fifth interim fee application (the "Fifth Interim Fee Application") was approved in the total amount of $19,801.05 by an Order of this Court dated February 14, 2013 [Illinois Docket No. 1158] for fees and expenses from August 1, 2012 through November 30, 2012 after notice of the fifth Interim Fee Application to all interested parties pursuant to the Administrative Order. The amount requested herein includes the sum of the fees and expenses requested in Cozen's Eighth (August only), Ninth and Tenth Monthly Fee Application.

35. Included in this Final Fee Application is Cozen's Sixth Interim Fee Application in the total amount of $13,415.98 for fees and expenses from December 1, 2012 through May 3, 2013.

36. Attached hereto as Exhibit "D" are schedules setting out Cozen's fees by timekeeper and by activity code for the Final Fee Period. In addition, attached hereto as Exhibit "E" is a schedule setting out Cozen's expenses by category for the Final Fee Period.

37. Cozen served as local counsel for the Committee in these Chapter 11 Cases. The result of these cases was the confirmation of a joint plan of reorganization, which provided for payment in full to the unsecured creditors represented by the Committee. The Plan went effective on May 3, 2013.

38. Cozen believes that based upon its efforts on behalf of the Committee in these cases and the excellent result achieved for all creditors, its fees and expenses are reasonable and appropriate and its services were necessary and should be approved in full by the Court.

WHEREFORE, Cozen respectfully requests that this Court enter an Order (a) allowing Cozen (i) compensation in the amount of $12,681.00 for actual, reasonable and necessary

professional services rendered on behalf of the Committee during the Sixth Interim Period of December 1, 2012 through May 3, 2013, and (ii) reimbursement in the amount of $734.98 for actual, reasonable and necessary expenses incurred during the same period; (b) allowing Cozen (i) final compensation in the amount of $111,218.55 for actual, reasonable and necessary professional services rendered on behalf of the Committee during the Final Period of September 22, 2011 through May 3, 2013, and (ii) reimbursement in the amount of $4,574.49 for actual, reasonable and necessary expenses incurred during the same period; (c) authorizing the Chapter 11 Trustee to pay Cozen the amount of $115,793.04, less any amounts previously paid to Cozen; and (d) granting such other and further relief as it just and proper.

Dated: June 25, 2013

COZEN O'CONNOR

_____
Mark E. Felger *(admitted pro hac vice)*
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000

- and -

Nicole J. Kelly (No. 6297229)
Gary Klinger (No. 6303726)
333 West Wacker Drive, Suite 1900
Chicago, IL 60606
Telephone: (312) 382-3100

*Co-Counsel to the Official Committee
of Unsecured Creditors*