## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QUALTEQ INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) | Hearing Date:  July 23, 2013, |
|  | ) | at 9:30 a.m. (prevailing Central Time) |
|  | ) |  |

**NOTICE OF FOURTH INTERIM AND FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 10, 2012 THROUGH MAY 3, 2013 AND MAY 31, 2013, RESPECTIVELY**

**PLEASE TAKE NOTICE** that Kirkland & Ellis, LLP ("K&E") has filed its *Fourth Interim and Final Fee Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation and for Reimbursement of Expenses for the Period May 10, 2012 Through May 3, 2013 and May 31, 2013, Respectively* (the "Application") pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Application will be held before the Honorable Eugene R. Wedoff, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 744, Chicago, Illinois 60604, on **July 23, 2013, at 9:30 a.m. (prevailing Central Time).**

**PLEASE TAKE FURTHER NOTICE** that you may obtain additional information concerning the above-captioned chapter 11 cases at the website maintained in these chapter 11 cases at http://www.phaseeleven.com/qualteq/.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

Dated:  July 2, 2013                      Respectfully Submitted,

                                        */s/ David L. Eaton*
                                        James H.M. Sprayregen, P.C. (IL Bar No. 6190206)
                                        David L. Eaton (IL Bar No. 3122303)
                                        Ryan Preston Dahl (IL Bar No. 6292645)
                                        **KIRKLAND & ELLIS LLP**
                                        300 North LaSalle Street
                                        Chicago, Illinois  60654
                                        Telephone: (312) 862-2000
                                        Facsimile:  (312) 862-2200

                                        *Counsel to the Chapter 11 Trustee*

K&E 26734758

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QUALTEQ INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) | Hearing Date:  July 23, 2013, |
|  | ) | at 9:30 a.m. (prevailing Central Time) |
|  | ) |  |

## SUMMARY OF FOURTH INTERIM AND FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 10, 2012 THROUGH MAY 3, 2013 AND MAY 31, 2013, RESPECTIVELY

| Name of Applicant[2] | Kirkland & Ellis LLP ("K&E") |
|---|---|
| Authorized to provide professional services to: | Fred C. Caruso, solely in his capacity as the chapter 11 trustee in the chapter 11 cases of Qualteq, Inc., d/b/a VCT New Jersey, Inc. |
| Date of retention: | *Order Retaining Kirkland & Ellis LLP nunc pro tunc to the Appointment Date*  [Docket No. 435], entered on June 19, 2012 |
| Period for which compensation and reimbursement is sought: | May 10, 2012 through May 3, 2013 (with respect to all Debtors), and May 4, 2013 through May 31, 2013 (solely with respect to Avadamma, LLC and Creative Investments)[3] |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

[2]    Capitalized terms not defined herein have the meaning ascribed to them in this Application.

[3]    Because the Plan was not consummated until after May 31, 2013 for Avadamma, LLC, K&E will supplement this Application for compensation and expenses requested for Avadamma, LLC through the Avadamma Effective Date prior to the hearing on this Application.  Because a chapter 11 plan has not been consummated for Creative Investments, an Illinois general partnership ("Creative Investments"), K&E has submitted this Application for compensation and expenses incurred with respect to Creative Investments on an interim basis only for the time period from May 4, 2013 through May 31, 2013.  K&E will continue to file monthly

Amount of compensation sought as actual, reasonable, and necessary:     $5,023,160.50

Amount of expense reimbursement sought as actual, reasonable, and necessary:     $112,684.05[4]

This is a ___ monthly **X** interim **X** final application.

## Summary of Fee Applications Filed By K&E

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed (Fees and Expenses) | Fee and Expenses Previously Paid |
|---|---|---|---|---|
| June 26, 2012[5] [Docket No. 452] | 5/10/12 - 5/31/12 | $182,149.87 | $145,763.17 | Interim Approval |
| July 25, 2012[6] [Docket No. 516] | 6/1/12 - 6/30/12 | $240,843.81 | $193,763.61 | Interim Approval |
| August 27, 2012[7] [Docket No. 620] | 7/1/12 - 7/31/12 | $306,813.54 | $246,670.24 | Interim Approval |
| September 25, 2012 [Docket No. 719][8] | 8/1/12 - 8/31/12 | $396,415.59 | $318,336.79 | Interim Approval |
| **First Interim Fee Application**[9] October 15, 2012 [Docket No. 797] | 5/10/12 - 8/31/12 | $1,124,902.03 | $1,091,902.03 | $1,091,902.03 |

applications for compensation and expenses for Creative Investments in compliance with the Interim Compensation Order.

[4] This Final Fee Application (as defined herein) includes $185.93 in expenses that had accrued, but had not yet been posted to K&E's billing system, during the Final Fee Period. The additional expenses that are included in this Final Fee Application are attached hereto as **Exhibit C**.

[5] On July 19, 2012, K&E filed a *Certificate of No Objection [Docket Nos. 445, 452]* [Docket No. 501] for the May 10, 2012 through May 31, 2012 period.

[6] On August 15, 2012, K&E filed a *Certificate of No Objection [Docket No. 516]* [Docket No. 572] for the June 1, 2012 through June 30, 2012 period.

[7] On September 20, 2012, K&E filed a *Certificate of No Objection [Docket No. 620]* [Docket No. 693] for the July 1, 2012 through July 31, 2012 period.

[8] On October 18, 2012, K&E filed a *Certificate of No Objection [Docket No. 719]* [Docket No. 803] for the August 1, 2012 through August 31, 2012 period.

[9] On November 6, 2012, the Court entered the *Order Granting First Interim Fee Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period May 10, 2012 Through August 31, 2012* [Docket No. 896].

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed (Fees and Expenses) | Fee and Expenses Previously Paid |
|---|---|---|---|---|
| October 25, 2012 [Docket No. 818][10] | 9/1/12 - 9/30/12 | $738,262.83 | $593,017.03 | Interim Approval |
| November 26, 2012 [Docket No. 925][11] | 10/1/12 - 10/31/12 | $625,169.39 | $504,158.89 | Interim Approval |
| December 26, 2012 [Docket No. 985][12] | 11/1/12 - 11/30/12 | $639,954.20 | $516,532.80 | Interim Approval |
| **Second Interim Fee Application**[13] **January 22, 2013 [Docket No. 1039]** | 9/1/12 - 11/30/12 | $2,002,443.43 | $2,001,623.43 | $2,001,623.43 |
| January 25, 2013 [Docket No. 1054][14] | 12/1/12 - 12/31/12 | $305,210.35 | $245,349.15 | Interim Approval |
| February 25, 2013 [Docket No. 1211][15] | 1/1/13 - 1/31/13 | $422,379.22 | $338,878.42 | Interim Approval |
| March 25, 2013 [Docket No. 1412][16] | 2/1/13 - 2/28/13 | $375,952.82 | $302,587.92 | Interim Approval |

---

[10]   On November 19, 2012, K&E filed a *Certificate of No Objection [Docket No. 818]* [Docket No. 918] for the September 1, 2012 through September 30, 2012 period.

[11]   On December 18, 2012, K&E filed a *Certificate of No Objection [Docket No. 925]* [Docket No. 971] for the October 1, 2012 through October 31, 2012 period.

[12]   On January 17, 2013, K&E filed a *Certificate of No Objection [Docket No. 985]* [Docket No. 1024] for the November 1, 2012 through November 30, 2012 period.

[13]   See *Order Granting Second Interim Fee Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation for the Interim Period September 1, 2012 Through November 30, 2012* [Docket No. 1155]; *Findings of Fact and Conclusions of Law in Support of Order Awarding to Kirkland & Ellis LLP, Attorneys for the Trustee, for Allowance and Payment of Interim Compensation* [Docket No. 1156]; and *Amended Order Granting Second Interim Fee Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period September 1, 2012 Through November 30, 2012* [Docket No. 1291].

[14]   On February 15, 2013, K&E filed a *Certificate of No Objection [Docket No. 1054]* [Docket No. 1174] for the December 1, 2012 through December 31, 2012 period.

[15]   On March 18, 2013, K&E filed a *Certificate of No Objection [Docket No. 1211]* [Docket No. 1369] for the January 1, 2013 through January 31, 2013 period.

[16]   On April 16, 2013, K&E filed a *Certificate of No Objection [Docket No. 1412]* [Docket No. 1500] for the February 1, 2013 through February 28, 2013 period.

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed (Fees and Expenses) | Fee and Expenses Previously Paid |
|---|---|---|---|---|
| **Third Interim Fee Application**[17] March 22, 2013 [Docket No. 1546] | 12/1/12 - 2/28/13 | $1,103,542.39 | $1,100,052.42 | $213,236.93 |
| April 25, 2013 [Docket No. 1575][18] | 3/1/13 - 3/31/13 | $512,619.47 | $413,161.57 | $413,161.57 |
| May 28, 2013 [Docket No. 1699][19] | 4/1/13 - 4/30/13 | $359,381.39 | $288,750.39 | $288,750.39 |
| June 25, 2013 [Docket No. 1786] | 5/1/13 - 5/31/13 | $70,079.88[20] | Pending | Pending |
| **Fourth Interim Fee Application** [Attached hereto as **Exhibit B**] | 3/1/13 - 5/31/13 | $942,266.67 | Pending | Pending |

## Summary of Hours Billed by Attorneys and Paraprofessionals During the Fourth Interim Fee Period

| Attorney | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| James Augustyn | Associate | 2008 | Real Estate | $565.00 | 2.50 | $1,412.50 |
| Margaret Cahoon | Associate | 2011 | Real Estate | $495.00 | 122.70 | $60,736.50 |
| Ryan P. Dahl | Associate | 2007 | Restructuring | $715.00 | 161.80 | $115,687.00 |
| Thad Davis | Partner | 2005 | Taxation | $845.00 | 1.60 | $1,352.00 |
| Neal P. Donnelly | Associate | 2011 | Restructuring | $430.00 | 216.60 | $93,138.00 |
| David L. Eaton | Partner | 1978 | Restructuring | $1,045.00 | 72.30 | $75,553.50 |
| Joseph M. Graham | Associate | 2011 | Restructuring | $495.00 | 247.00 | $122,265.00 |
| Mike Jones | Associate | 2011 | Restructuring | $495.00 | 226.50 | $112,117.50 |
| Brian R. Land | Partner | 1989 | Environmental | $995.00 | 4.70 | $4,676.50 |
| Eric A. Larson | Associate | 2010 | Litigation | $630.00 | 5.20 | $3,276.00 |
| Katharine Mascarenhas | Associate | 2007 | Corporate | $715.00 | 0.30 | $214.50 |
| Scott A. McMillin, P.C. | Partner | 1996 | Litigation | $840.00 | 14.40 | $12,096.00 |
| Roberto S. Miceli | Partner | 2000 | Real Estate | $835.00 | 30.50 | $25,467.50 |
| David Ogles | Associate | 2012 | Litigation | $430.00 | 13.40 | $5,762.00 |

[17] *See* *Order Granting Third Interim Fee Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation for the Interim Period December 1, 2012 Through February 28, 2013* [Docket No. 1655] and *Findings of Fact and Conclusions of Law in Support of Order Awarding to Kirkland & Ellis LLP, Attorneys for the Trustee, for Allowance and Payment of Interim Compensation* [Docket No. 1659].

[18] On May 17, 2013, K&E filed a *Certificate of No Objection [Docket No. 1575]* [Docket No. 1668] for the March 1, 2013 through March 31, 2013 period.

[19] On June 18, 2013, K&E filed a *Certificate of No Objection [Docket No. 1699]* [Docket No. 1763] for the April 1, 2013 through April 30, 2013 period.

[20] The objection deadline for the May Application expires on July 16, 2013.

K&E 26734758

| Attorney | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Alexandria Ottens | Associate | 2012 | Real Estate | $430.00 | 86.20 | $37,066.00 |
| William T. Pruitt | Partner | 2004 | Litigation | $780.00 | 0.30 | $234.00 |
| Scott Steadman | Associate | 2011 | Employee Benefits | $495.00 | 0.10 | $49.50 |
| Michael Weitz | Associate | 2011 | Restructuring | $495.00 | 377.70 | $186,961.50 |
| Totals for Attorneys | | | | | 1,583.80 | $858,065.50 |

| Paraprofessional | Position with the Applicant | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Jonathon Baron | Project Assistant | Litigation | $185.00 | 3.00 | $555.00 |
| Andrew Brniak | Legal Assistant | Restructuring | $250.00 | 2.30 | $575.00 |
| Mary L. Cribbin | Legal Assistant | Litigation | $305.00 | 5.50 | $1,677.50 |
| Brendon F. Fei | Project Assistant | Litigation | $185.00 | 8.00 | $1,480.00 |
| Stephanie D. Frye | Conflicts Coordinator | Administrative Services | $255.00 | 10.60 | $2,703.00 |
| Daniel Hill | Project Assistant | Restructuring | $190.00 | 15.00 | $2,850.00 |
| Erin Hormozi | Litigation Support Specialist | Litigation | $225.00 | 1.50 | $337.50 |
| John LoPorto | Project Assistant | Real Estate | $185.00 | 11.00 | $2,035.00 |
| Maureen McCarthy | Legal Assistant | Restructuring | $315.00 | 26.50 | $8,347.50 |
| Nicole Pytel | Legal Assistant | Real Estate | $235.00 | 18.50 | $4,347.50 |
| Timothy Schmeling | Project Assistant | Restructuring | $190.00 | 14.60 | $2,774.00 |
| Linda A. Scussel | Conflicts Specialist | Administrative Services | $280.00 | 6.80 | $1,904.00 |
| Carrie Sroka | Legal Assistant | Restructuring | $275.00 | 88.10 | $24,227.50 |
| Sara Tobler | Legal Assistant | Real Estate | $260.00 | 15.50 | $4,030.00 |
| Joseph Williams | Project Assistant | Litigation | $195.00 | 8.30 | $1,618.50 |
| Totals for Paraprofessionals | | | | 235.20 | $59,462.00 |

## Summary of Hours Billed by Attorneys
## and Paraprofessionals During the Final Fee Period

| Attorney | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| James Augustyn | Associate | 2008 | Real Estate | $565.00 | 2.50 | $1,412.50 |
| Dean C. Bachus | Partner | 2004 | Taxation | $745.00 | 19.10 | $14,229.50 |
| Margaret Cahoon | Associate | 2011 | Real Estate | $495.00 | 127.20 | $62,964.00 |
| Kathryn Couey | Associate | 2012 | Litigation | $370.00 | 1.50 | $555.00 |
| Ryan P. Dahl | Associate | 2007 | Restructuring | $670.00 | 230.00 | $154,100.00 |
| | | | | $710.00 | 850.30 | $938,547.5 |
| | | | | $715.00 | 468.30 | |

7

| Attorney | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Thad Davis | Partner | 2005 | Taxation | $735.00 | 18.80 | $16,353.00 |
| | | | | $845.00 | 3.00 | |
| Neal Paul Donnelly | Associate | 2011 | Restructuring | $430.00 | 639.60 | $275,028.00 |
| David L. Eaton | Partner | 1978 | Restructuring | $1,025.00 | 402.40 | $577,883.50 |
| | | | | $1,045.00 | 158.30 | |
| Thomas L. Evans | Partner | 1984 | Taxation | $995.00 | 12.10 | $12,039.50 |
| Stefanie I. Gitler | Associate | 2009 | Environmental | $575.00 | 1.50 | $862.50 |
| Joseph M. Graham | Associate | 2011 | Restructuring | $430.00 | 180.60 | $486,132.00 |
| | | | | $495.00 | 825.20 | |
| Neil S. Hirshman, P.C. | Partner | 1990 | Intellectual Property | $925.00 | 60.00 | $55,500.00 |
| Edward B. Holzwanger | Partner | 2004 | Labor and Employment | $670.00 | 9.40 | $6,298.00 |
| Munsoor Hussain | Associate | 2008 | Taxation | $655.00 | 4.80 | $13,350.50 |
| | | | | $745.00 | 13.70 | |
| Ellen M. Jakovic | Partner | 1985 | Litigation | $875.00 | 5.30 | $4,637.50 |
| Mike Jones | Associate | 2011 | Restructuring | $495.00 | 644.90 | $319,225.50 |
| Michelle Kilkenney | Partner | 2002 | Corporate | $725.00 | 19.90 | $14,427.50 |
| R. Henry Kleeman | Partner | 1984 | Corporate | $770.00 | 69.30 | $53,361.00 |
| Evan M. Knobloch | Associate | 2009 | Corporate | $575.00 | 97.60 | $56,120.00 |
| Brian R. Land | Partner | 1989 | Environmental | $970.00 | 63.40 | $74,731.50 |
| | | | | $995.00 | 13.30 | |
| Eric A. Larson | Associate | 2010 | Litigation | $575.00 | 13.80 | $17,574.00 |
| | | | | $630.00 | 15.30 | |
| Micah E. Marcus | Partner | 1999 | Litigation | $685.00 | 104.40 | $71,514.00 |
| Katharine Mascarenhas | Associate | 2007 | Corporate | $655.00 | 87.00 | $57,628.50 |
| | | | | $715.00 | 0.90 | |
| Ellen McIntosh | Associate | 2005 | Corporate | $670.00 | 252.80 | $169,376.00 |
| Scott A. McMillin, P.C. | Partner | 1996 | Litigation | $795.00 | 110.50 | $102,379.50 |
| | | | | $840.00 | 17.30 | |
| Roberto S. Miceli | Partner | 2000 | Real Estate | $795.00 | 130.80 | $162,269.00 |
| | | | | $835.00 | 69.80 | |
| Ilan Napchan | Associate | 2007 | Taxation | $695.00 | 3.60 | $2,502.00 |
| Vineeth Narayanan | Associate | 2011 | Intellectual Property | $445.00 | 210.80 | $93,806.00 |
| David Ogles | Associate | 2012 | Litigation | $370.00 | 71.20 | $32,880.00 |
| | | | | $430.00 | 15.20 | |
| Alexandria Ottens | Associate | 2012 | Real Estate | $430.00 | 86.20 | $37,066.00 |
| Dustin Paige | Associate | 2012 | Restructuring | $430.00 | 10.70 | $4,601.00 |

K&E 26734758

| Attorney | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| William T. Pruitt | Partner | 2004 | Litigation | $780.00 | 8.10 | $6,318.00 |
| Jeffrey S. Quinn | Partner | 1998 | Employee Benefits | $750.00 | 46.20 | $36,081.00 |
| | | | | $795.00 | 1.80 | |
| Steven Serajeddini | Associate | 2010 | Restructuring | $565.00 | 2.60 | $5,344.00 |
| | | | | $625.00 | 6.20 | |
| Michael B. Slade | Partner | 1999 | Litigation | $795.00 | 6.10 | $4,849.50 |
| James H.M. Sprayregen, P.C. | Partner | 1985 | Restructuring | $1,045.00 | 2.90 | $3,030.50 |
| Scott Steadman | Associate | 2011 | Employee Benefits | $445.00 | 17.90 | $9,896.00 |
| | | | | $495.00 | 3.90 | |
| R. Timothy Stephenson | Partner | 1990 | Labor and Employment | $940.00 | 0.50 | $470.00 |
| Julie F. Stewart | Associate | 2010 | Litigation | $495.00 | 102.20 | $50,589.00 |
| Michael Weitz | Associate | 2011 | Restructuring | $430.00 | 194.90 | $805,319.00 |
| | | | | $495.00 | 1457.60 | |
| **Totals for Attorneys** | | | | | **7,993.20** | **$4,811,251.50** |

| Paraprofessional | Position with the Applicant | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Sharon Alvizu | Legal Assistant | Corporate | $300.00 | 12.00 | $3,600.00 |
| Jonathon Baron | Project Assistant | Litigation | $175.00 | 8.50 | $2,412.50 |
| | | | $185.00 | 5.00 | |
| Aaron M. Bowen | Project Assistant | Restructuring | $190.00 | 38.20 | $7,258.00 |
| Andrew Brniak | Legal Assistant | Restructuring | $240.00 | 14.70 | $6,178.00 |
| | | | $250.00 | 10.60 | |
| Mary L. Cribbin | Legal Assistant | Intellectual Property | $290.00 | 13.40 | $5,563.50 |
| | | | $305.00 | 5.50 | |
| Brendon F. Fei | Project Assistant | Litigation | $185.00 | 8.00 | $1,480.00 |
| Stephanie D. Frye | Conflicts Coordinator | Administrative Services | $245.00 | 60.80 | $18,950.50 |
| | | | $255.00 | 15.90 | |
| Danuta Gasiorowski | Legal Assistant | Intellectual Property | $300.00 | 1.50 | $450.00 |
| Sheila D. Givens | Case Assistant | Litigation | $170.00 | 2.50 | $425.00 |
| Mary Harriman | Legal Assistant | Corporate | $230.00 | 10.00 | $2,300.00 |
| Justin L. Harris | Legal Assistant | Litigation | $230.00 | 0.50 | $115.00 |
| Daniel Hill | Project Assistant | Restructuring | $190.00 | 16.10 | $3,059.00 |
| Erin Hormozi | Litigation Support Specialist | Litigation | $225.00 | 1.50 | $337.50 |

9

| Paraprofessional | Position with the Applicant | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Gina Jankelow | Conflicts Analysis | Administrative Services | $180.00 | 5.00 | $900.00 |
| John LoPorto | Project Assistant | Real Estate | $175.00 | 1.00 | $2,210.00 |
|  |  |  | $185.00 | 11.00 |  |
| Maureen McCarthy | Legal Assistant | Restructuring | $300.00 | 55.10 | $32,437.50 |
|  |  |  | $315.00 | 50.50 |  |
| Claire Musial | Project Assistant | Corporate | $195.00 | 7.50 | $1,462.50 |
| Timothy O'Brien | Legal Assistant | Corporate | $235.00 | 1.50 | $352.50 |
| Emily S. O'Connor | Project Assistant | Restructuring | $180.00 | 13.40 | $2,412.00 |
| Sharon Powell | Loss Prevention Compliance Specialist | Administrative Services | $230.00 | 0.20 | $46.00 |
| Renee M. Prescan | Legal Assistant | Intellectual Property | $300.00 | 22.40 | $6,720.00 |
| Nicole Pytel | Legal Assistant | Real Estate | $230.00 | 51.20 | $20,236.00 |
|  |  |  | $235.00 | 36.00 |  |
| Timothy Schmeling | Project Assistant | Restructuring | $180.00 | 4.10 | $5,659.00 |
|  |  |  | $190.00 | 25.90 |  |
| Linda A. Scussel | Conflicts Specialist | Administrative Services | $265.00 | 67.50 | $20,575.50 |
|  |  |  | $280.00 | 9.60 |  |
| Carrie Sroka | Legal Assistant | Restructuring | $245.00 | 246.10 | $93,899.50 |
|  |  |  | $275.00 | 122.20 |  |
| Elizabeth A. Suehr | Conflicts Specialist | Administrative Services | $245.00 | 0.80 | $196.00 |
| Sara Tobler | Legal Assistant | Real Estate | $260.00 | 15.50 | $4,030.00 |
| Gary M. Vogt | Legal Assistant | Litigation | $300.00 | 0.50 | $150.00 |
| Joseph Williams | Project Assistant | Litigation | $195.00 | 8.30 | $1,618.50 |
| Library Research | Research Specialist | Administrative Services | $250.00 | 5.40 | $1,350.00 |
| **Totals for Paraprofessionals** |  |  |  | **985.40** | **$246,384.00** |

10

## Summary of the Total Amount of Fees Incurred
## Under Each Subject Matter During the Fourth Interim Fee Period

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 2 | Adversary Proceedings, Contested Matters | 37.90 | $14,041.00 |
| 3 | Automatic Stay Issues | 7.00 | $3,641.00 |
| 4 | Business Operations and Vendor Issues | 0.10 | $49.50 |
| 5 | Employee Issues | 1.50 | $651.50 |
| 6 | Case Administration | 65.90 | $34,350.00 |
| 7 | Cash Collateral, DIP and Financing | 17.40 | $8,800.00 |
| 8 | Avoidance Action, Claims Investigation | 30.90 | $16,679.50 |
| 9 | Claims Administration and Objections | 157.40 | $74,457.00 |
| 11 | Customer and Creditor Communications | 4.70 | $2,692.50 |
| 12 | Disclosure Statement, Plan, Confirmation | 441.10 | $232,224.50 |
| 13 | Executory Contracts, Unexpired Leases | 14.60 | $7,524.00 |
| 14 | Hearings | 29.00 | $21,230.00 |
| 15 | Insurance | 0.30 | $234.00 |
| 16 | Non-K&E Retention Issues | 57.10 | $23,440.50 |
| 17 | K&E Retention, Fee Applications | 87.00 | $31,876.50 |
| 18 | Schedules, Statement of Financial Affairs and Monthly Operating Report | 33.60 | $12,101.00 |
| 19 | Tax Issues | 3.00 | $2,287.00 |
| 21 | U.S. Trustee Issues | 0.20 | $99.00 |
| 22 | Use, Sale and Disposition of Property | 27.10 | $13,585.00 |
| 24 | Real Estate Sale Process | 803.20 | $417,564.00 |
| **Total Amount of Billed Hours and Fees during the Fourth Interim Fee Period** | | **1,819.00** | **$917,527.50** |

11

## Summary of the Total Amount of Fees Incurred
## Under Each Subject Matter During the Final Fee Period

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 2 | Adversary Proceedings, Contested Matters | 445.30 | $259,382.00 |
| 3 | Automatic Stay Issues | 57.30 | $32,921.00 |
| 4 | Business Operations and Vendor Issues | 124.20 | $73,263.00 |
| 5 | Employee Issues | 118.00 | $77,912.00 |
| 6 | Case Administration | 429.80 | $241,531.50 |
| 7 | Cash Collateral, DIP and Financing | 654.90 | $369,600.50 |
| 8 | Avoidance Action, Claims Investigation | 174.90 | $90,293.00 |
| 9 | Claims Administration and Objections | 468.80 | $227,702.50 |
| 10 | Corporate and Governance Issues | 8.20 | $4,430.00 |
| 11 | Customer and Creditor Communications | 192.20 | $125,714.50 |
| 12 | Disclosure Statement, Plan, Confirmation | 975.50 | $552,922.50 |
| 13 | Executory Contracts, Unexpired Leases | 403.00 | $248,530.00 |
| 14 | Hearings | 197.20 | $123,777.50 |
| 15 | Insurance | 21.80 | $15,285.50 |
| 16 | Non-K&E Retention Issues | 491.00 | $242,250.50 |
| 17 | K&E Retention, Fee Applications | 563.50 | $211,505.00 |
| 18 | Schedules, Statement of Financial Affairs and Monthly Operating Report | 108.10 | $39,693.50 |
| 19 | Tax Issues | 17.50 | $13,467.50 |
| 21 | U.S. Trustee Issues | 10.50 | $8,320.00 |
| 22 | Use, Sale and Disposition of Property | 2,139.60 | $1,334,588.00 |
| 23 | Utilities | 0.60 | $402.00 |
| 24 | Real Estate Sale Process | 1,376.70 | $764,143.50 |
| **Total Amount of Billed Hours and Fees during the Final Fee Period** | | **8,978.60** | **$5,057,635.50** |
| **Reduction of Fees Taken during the Final Fee Period**[21] | | | **$34,475.00** |
| **Total Amount of Fees Requested for the Final Fee Period** | | | **$5,023,160.50** |

---

[21]    See *Order Granting First Interim Fee Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period May 10, 2012 Through August 31, 2012* [Docket No. 896]; *Order Granting Second Interim Fee Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation for the Interim Period September 1, 2012 Through November 30, 2012* [Docket No. 1155]; *Findings of Fact and Conclusions of Law in Support of Order Awarding to Kirkland & Ellis LLP, Attorneys for the Trustee, for Allowance and Payment of Interim Compensation* [Docket No. 1156]; *Amended Order Granting Second Interim Fee Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period September 1, 2012 Through November 30, 2012* [Docket No. 1291]; *Order Granting Third Interim Fee Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation for the Interim Period December 1, 2012 Through February 28, 2013* [Docket No. 1655] and *Findings of Fact and Conclusions of Law in Support of Order Awarding to Kirkland & Ellis LLP, Attorneys for the Trustee, for Allowance and Payment of Interim Compensation* [Docket No. 1659].

K&E 26734758

### Summary of Expenses Incurred During the Fourth Interim Fee Period

| Service Description | Amount |
|---|---|
| Binding | $0.70 |
| Calendar/Court Services | $125.00 |
| Catering Expenses | $3,210.00 |
| Closing/Mini Books | $384.00 |
| Color Copies or Prints | $75.35 |
| Court Reporter Fee/Deposition | $864.60 |
| DVD Duplicates/Master | $50.00 |
| Expert Fees | $668.65 |
| Filing Fees | $106.60 |
| Local Transportation | $43.35 |
| Miscellaneous Office Expenses | $2,695.00 |
| Outside Copy/Binding Services | $1,730.70 |
| Outside Messenger Services | $113.70 |
| Outside Retrieval Service | $2,686.00 |
| Overnight Delivery | $1,799.26 |
| Overtime Transportation | $1,615.43 |
| Postage | $47.53 |
| Production Blowbacks | $791.30 |
| Scanned Images | $586.10 |
| Standard Copies or Prints | $6,468.80 |
| Tabs/Indexes/Dividers | $25.74 |
| Third Party Telephone Charges | $651.36 |
| **Total Amount of Expenses for the Fourth Interim Fee Period** | **$24,739.17** |

13

## Summary of Expenses Incurred During the Final Fee Period

| Service Description | Amount |
|---|---|
| 5 inch Binders | $189.00 |
| Binding | $13.30 |
| Calendar/Court Services | $200.00 |
| Catering Expenses | $3,975.00 |
| CD-ROM Duplicates/Master | $21.00 |
| Closing/Mini Books | $720.00 |
| Color Copies or Prints | $3,402.30 |
| Computer Database Research | $24,535.18 |
| Court Reporter Fee/Deposition | $11,278.60 |
| Document Services Overtime | $9.66 |
| DVD Duplicates/Master | $50.00 |
| Expert Fees | $668.65 |
| Filing Fees | $639.60 |
| Local Transportation | $253.80 |
| Miscellaneous Office Expenses | $2,695.00 |
| Outside Copy/Binding Services | $1,832.40 |
| Outside Messenger Services | $707.69 |
| Outside Retrieval Service | $20,003.00 |
| Overnight Delivery | $2,052.40 |
| Overnight Delivery - Refund | ($51.02) |
| Overtime Transportation | $3,009.61 |
| Patent and Trademark Office Filing Fees | $850.00 |
| Postage | $47.98 |
| Process Server Fees | $422.20 |
| Production Blowbacks | $1,861.10 |
| Scanned Images | $1,428.58 |
| Secretarial Overtime | $154.56 |
| Standard Copies or Prints | $30,947.92 |
| Tabs/Indexes/Dividers | $112.58 |
| Third Party Telephone Charges | $3,413.13 |
| Trademark Scan | $75.80 |
| **Subtotal for the Final Fee Period** | **$115,519.02** |
| **Reduction of Expenses taken during the Final Fee Period[21]** | **$2,834.97** |
| **Total Amount of Fees Requested for the Final Fee Period** | **$112,684.05** |

K&E 26734758

Dated:  July 2, 2013                         Respectfully Submitted,

                                            /s/ David L. Eaton
                                            James H.M. Sprayregen, P.C. (IL Bar No. 6190206)
                                            David L. Eaton (IL Bar No. 3122303)
                                            Ryan Preston Dahl (IL Bar No. 6292645)
                                            **KIRKLAND & ELLIS LLP**
                                            300 North LaSalle Street
                                            Chicago, Illinois  60654
                                            Telephone: (312) 862-2000
                                            Facsimile:  (312) 862-2200

                                            *Counsel to the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QUALTEQ INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) | Hearing Date:  July 23, 2013, |
|  | ) | at 9:30 a.m. (prevailing Central Time) |
|  | ) |  |

**FOURTH INTERIM AND FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 10, 2012
THROUGH MAY 3, 2013 AND MAY 31, 2013, RESPECTIVELY**

Kirkland & Ellis LLP ("K&E"), counsel to Fred C. Caruso, solely in his capacity as the

chapter 11 trustee (the "Trustee") in the chapter 11 cases of Qualteq, Inc., d/b/a VCT New

Jersey, Inc. ("Qualteq") and its affiliated chapter 11 debtors (collectively, with Qualteq, the

"Debtors"), hereby submits its: (a) fourth interim fee application (this "Fourth Interim Fee

Application") for approval of monthly fee applications for compensation for services rendered in

the amount of $917,527.50 and reimbursement of actual and necessary expenses in the amount of

$24,739.17 that K&E incurred for the period March 1, 2013, through May 31, 2013 (the "Fourth

Interim Fee Period"), attached hereto as **Exhibit B**; (b) final fee application (this "Final Fee

Application") for (i) final allowance of compensation for services rendered in the amount of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Avadamma LLC (4775; 4800; 4810; 4829); (h) Creative Automation Company (4350); (i) Creative Investments, a General Partnership (5992); (j) Fulfillment Xcellence, Inc. (3461); (k) Global Card Services, Inc. (4581); (l) Unique Data Services, Inc. (1068); (m) Unique Embossing Services, Inc. (1043); (n) Unique Mailing Services, Inc. (2594); (o) Versatile Card Technology, Inc. (5258); (p) Veluchamy LLC (3434); and (q) Vmark, Inc. (5904).

$5,023,160.50 and for reimbursement of actual and necessary expenses in the amount of $112,684.05 for the period from May 10, 2012, through May 31, 2013 (the "Final Fee Period") and (ii) payment of the unpaid portions of such allowed fees and expenses, pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* [Delaware Docket No. 125], as amended by [Docket No. 411] (the "Interim Compensation Order"); and (c) granting related relief.  In further support of this Final Fee Application, K&E respectfully states as follows:

### Jurisdiction And Venue

1.      The United States Bankruptcy Court for the Northern District of Illinois (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are 327, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

### Background

4.      On August 14, 2011 (the "Initial Petition Date"), each of the Debtors except for Anar Real Estate, LLC ("Anar") filed their petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  On September 11, 2011 (together with the Initial Petition Date, the "Petition Date"), Anar filed its petition for relief with the United States Bankruptcy Court for the District of Delaware.

2

5.      On August 25, 2011, the United States Trustee (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").

6.      On February 16, 2012, the United States Bankruptcy Court for the District of Delaware transferred venue to the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

7.      On April 5, 2012, Bank of America, N.A. ("Bank of America"), filed the *Motion to Appoint a Chapter 11 Trustee* [Docket No. 202], and on May 2, 2012, the Court entered the *Order Granting Motion for Appointment of a Chapter 11 Trustee* [Docket No. 334].

8.      On May 9, 2012, the U.S. Trustee filed an application to appoint Fred C. Caruso as chapter 11 trustee in these chapter 11 cases.

9.      On May 10, 2012 (the "Appointment Date"), the Court entered an order approving Mr. Caruso's appointment as the Trustee [Docket No. 351], thereby taking the Debtors and their assets out of possession and placing their assets and businesses under the Trustee's control.

10.     On April 23, 2013, the Court entered an order (the "Confirmation Order") [Docket No. 1555] confirming the *Chapter 11 Trustee's First Amended Joint Plan of Liquidation for Qualteq Inc., d/b/a VCT New Jersey and Certain of Its Affiliated Chapter 11 Debtors Pursuant to Chapter 11 of the Bankruptcy Code (With Technical Amendments)* [Docket No. 1530] (with all supplements and exhibits thereto, the "Plan") and on May 3, 2013 (the "Initial Effective Date"), the conditions precedent to the consummation of the Plan were satisfied or waived in accordance with the terms of the Plan and the Confirmation Order for each Debtor other than Avadamma, LLC. On June 27, 2013 (the "Avadamma Effective Date," and with the Initial Effective Date, the "Effective Date"), the conditions precedent to the consummation of the

K&E 26734758

Plan were satisfied or waived in accordance with the terms of the Plan and the Confirmation Order for Avadamma, LLC.

11.     By its terms, the Plan excluded Creative Investments, an Illinois general partnership ("Creative Investments"), for purposes of the Plan. Creative Investments is therefore continuing to operate under the protections of chapter 11 with Mr. Caruso as Trustee.

12.     On the Effective Date, and in accordance with the Plan, the Liquidator was appointed pursuant to that certain Liquidator Agreement [Docket No. 1524] to effectuate the wind down, dissolution, and liquidation of certain of the Debtors' estates. As of the date hereof, that process is ongoing.

## K&E's Contributions to the Chapter 11 Cases

### I.     Building Consensus Among Key Stakeholders

13.     During the nearly nine months prior to the Appointment Date, the Debtors' chapter 11 cases had been characterized by significant animosity between existing equityholders, major creditors, and other parties in interest. When the Trustee engaged K&E to represent him in his duties as Trustee, K&E immediately focused on assisting the Trustee's efforts to engage the Debtors' major stakeholders to facilitate the Trustee's broader efforts to stabilize the Debtors' core business and build value. K&E advised the Trustee on his efforts to reach out to the other parties in interest, including, among others, counsel to Bank of America, counsel to the chapter 7 trustee appointed in the jointly administered cases captioned In re Veluchamy, Case No. 11-33413 (Bankr. N.D. Ill.), counsel to the Federal Deposit Insurance Corporation as Receiver for Mutual Bank of Harvey, Illinois, counsel to the Committee, and counsel to the Debtors' various secured lenders. Through these efforts, K&E and the Trustee were able to open lines of communication and assuage concerns about the Trustee's ability to maximize stakeholder recoveries. Moreover, K&E and the Trustee continued this dialogue throughout the

4

chapter 11 process, allowing K&E and the Trustee to build consensus and foster compromise,

leading to the successful outcome of these chapter 11 cases.

## II.     Stabilizing the Debtors' Operations

14.     K&E also worked with the Trustee to stabilize the Debtors' operations, which was

necessary in order for the Trustee to successfully monetize the value of the Debtors' estates.

Among other things, K&E obtained Court approval on June 6, 2012 [Docket No. 410] for the

Trustee to repay the outstanding balance on a secured loan with the Amalgamated Bank of

Chicago, which unencumbered significant amounts of cash collateral for the Trustee to use in the

Debtors' operations, and K&E negotiated and obtained Court approval on October 6, 2012

[Docket No. 769] for certain of the Debtors' entry into a postpetition revolving credit facility

with Private Bank & Trust Company.   In addition, K&E expended considerable time and

resources resolving issues related to the fact that the Debtors, as debtors in possession, had

arguably allowed the deadline to assume or reject real property leases imposed by section

365(d)(4) of the Bankruptcy Code to lapse.   In particular, K&E negotiated new leases for certain

of the Debtors' properties, including by undertaking litigation against certain parties,[2] and

addressed the impact of the Debtors' purported lapse of this critical deadline.

## III.     Implementing the Sale Processes

15.     K&E assisted the Trustee and his other advisors to establish a process to monetize

the Debtors' assets to fund creditor recoveries.   Specifically, K&E advised the Trustee on the

implementation of a two-stage transaction process to deal with the interrelationship between the

Debtors' operating businesses and certain "non-operating" Debtors that owned the real property

leased to these operating businesses, which was complicated by the potential lapse of the section

---

[2]     See Fred C. Caruso v. Arun Veluchamy and Anu Veluchamy, Adv. Case No. 12-01666 (Bankr. N.D. Ill.).

365(d)(4) deadline, noted above, that created the possibility that the Trustee would have to market these assets without either operating leases or rent paying tenants, as applicable.

16.     First, the Trustee, along with K&E and the Trustee's other advisors, sought to identify a purchaser for the Debtors' operating assets, which could, as a tenant, potentially anchor real estate values for the Debtors' owned real property.  The Trustee, after a thorough marketing process, reached agreement with Valid USA, Inc. ("Valid") to be the stalking horse purchaser for the Debtors' operating assets through a transaction valued at approximately $51.2 million, and Valid also agreed to enter into fair-market leases with respect to the Debtors' owned real property.  After no other parties submitted a qualified bid for these assets, the Court approved this sale on November 6, 2012 [Docket No. 887], and the sale transaction with Valid closed on November 30, 2012.

17.     Next, K&E advised the Trustee on the sale process for the Debtors' eight separate parcels of real property, including four separate parcels of real property formerly used by the Debtors' operating businesses.  After obtaining Court approval for an efficient auction process in January 2013 [Docket No. 1022], the Trustee, together with K&E and the Trustee's other advisors, successfully negotiated purchase agreements with stalking horse bidders for seven of these parcels of real property, and, through two separate auctions, drove value from an initial $26.3 million value in the aggregate, to approximately $36 million.  K&E obtained Court approval for these sales at multiple hearings in March 2013 [Docket Nos. 1275, 1331, 1332, 1333, 1384, 1385, and 1424], and, along with the Trustee, closed on the approved sales on March 29, 2013, April 25, 2013, and June 27, 2013.  The Trustee is continuing to actively market the real property owned by Creative Investments.

K&E 26734758

## IV.      Confirming the Chapter 11 Plan

18.      The multiple sale transactions implemented by the Trustee were the bedrock for the Plan, which provides for full distributions to substantially all of the Debtors' creditors, and recoveries to equityholders estimated to be in excess of approximately $11.5 million.  K&E spent a significant amount of time documenting the Plan and related documents, and negotiating the provisions of the Plan with the Debtors' key stakeholders.  After obtaining the support of these stakeholders, K&E sought approval of the Trustee's disclosure statement [Docket No. 1307] (the "Disclosure Statement").  On March 13, 2013, the Court approved the adequacy of the Disclosure Statement and related solicitation and voting procedures, and K&E, the Trustee, and the estate's notice and claims agent promptly commenced solicitation of votes on the Plan.  At all times during this process, K&E worked with the key stakeholders to obtain their support for the Plan and other related documents.  These efforts were successful, and the Court approved the Plan on an uncontested basis at the hearing to confirm the Plan on April 23, 2013.

### Retention of and Continuing Disinterestedness Of Kirkland & Ellis LLP

19.      By this Court's order dated June 19, 2012,[3] the Trustee was authorized to retain K&E as his counsel, effective as of the Appointment Date, to assist the Trustee with managing the chapter 11 estates, prosecuting these chapter 11 cases, and all related matters (the "Retention Order").  The Retention Order authorizes the Trustee to compensate K&E in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines (the "Guidelines"), and any applicable orders of this Court.

---

[3]      See Order Authorizing the Employment and Retention of Kirkland & Ellis LLP as Bankruptcy Counsel to the Chapter 11 Trustee Nunc Pro Tunc to the Appointment Date [Docket No. 435].

K&E 26734758

20.     As disclosed in the declarations previously filed with the Court,[4] K&E does not

hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as

that term is defined in section 101(14) of the Bankruptcy Code.

21.     K&E performed the services for which it is seeking compensation on behalf of the

Trustee and/or the Debtors' estates and not on behalf of any committee, creditor, or other person.

22.     Except as provided herein or in the application to retain K&E, K&E has received

no payment and no promises for payment from any source other than the Trustee for services

rendered or to be rendered in any capacity whatsoever in connection with these chapter 11 cases.

23.     Pursuant to Bankruptcy Rule 2016(b), K&E has not shared, nor has K&E agreed

to share:  (a) any compensation it received or may receive with another person other than with

the partners, counsel, and associates of K&E; or (b) any compensation another person or party

has received or may receive.

## **K&E's Previous Interim Fee Applications**

24.     On October 15, 2012, K&E filed the *First Interim Fee Application of Kirkland &*

*Ellis LLP for Allowance of Administrative Claim for Compensation and Reimbursement of*

---

[4]     See *Declaration of David L. Eaton in Support of the Chapter 11 Trustee's Application for Entry of an Order Authorizing the Employment and Retention of Kirkland & Ellis LLP as Bankruptcy Counsel to the Chapter 11 Trustee Effective Nunc Pro Tunc to the Appointment Date* [Docket No. 397, Ex. B], filed on June 1, 2012, the *Supplemental Declaration of David L. Eaton in Support of the Chapter 11 Trustee's Application for Entry of an Order Authorizing the Employment and Retention of Kirkland & Ellis LLP as Bankruptcy Counsel to the Chapter 11 Trustee Effective Nunc Pro Tunc to the Appointment Date* [Docket No. 432], filed on June 18, 2012, the *Second Supplemental Declaration of David L. Eaton in Support of the Chapter 11 Trustee's Application for Entry of an Order Authorizing the Employment and Retention of Kirkland & Ellis LLP as Bankruptcy Counsel to the Chapter 11 Trustee Effective Nunc Pro Tunc to the Appointment Date* [Docket No. 629], filed on September 5, 2012, the *Third Supplemental Declaration of David L. Eaton in Support of the Chapter 11 Trustee's Application for Entry of an Order Authorizing the Employment and Retention of Kirkland & Ellis LLP as Bankruptcy Counsel to the Chapter 11 Trustee Effective Nunc Pro Tunc to the Appointment Date* [Docket No. 788], filed on October 11, 2012, the *Fourth Supplemental Declaration of David L. Eaton in Support of the Chapter 11 Trustee's Application for Entry of an Order Authorizing the Employment and Retention of Kirkland & Ellis LLP as Bankruptcy Counsel to the Chapter 11 Trustee Effective Nunc Pro Tunc to the Appointment Date* [Docket No. 997], filed on January 4, 2013 and the *Fifth Supplemental Declaration of David L. Eaton in Support of the Chapter 11 Trustee's Application for Entry of an Order Authorizing the Employment and Retention of Kirkland & Ellis LLP as Bankruptcy Counsel to the Chapter 11 Trustee Effective Nunc Pro Tunc to the Appointment Date* [Docket No. 1604], filed on May 3, 2013.

*Expenses for the Interim Period May 10, 2012 Through August 31, 2012* [Docket No. 797] (the "First Interim Fee Application").  In the First Interim Fee Application, Kirkland sought compensation in the amount of $1,108,445.00 and reimbursement of expenses in the amount of $16,457.03.

25.     On November 6, 2012, the Court entered the *Order Granting First Interim Fee Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period May 10, 2012 Through August 31, 2012* [Docket No. 896], which awarded K&E $1,091,902.03 on account of its fees and expenses on an interim basis and authorized the Trustee to remit such amount to K&E for the period May 10, 2012, through August 31, 2012.

26.     On January 22, 2013, K&E filed the *Second Interim Fee Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period September 1, 2012 Through November 30, 2012* [Docket No. 1039]  (the "Second Interim Fee Application").   In the Second Interim Fee Application, Kirkland sought compensation in the amount of $1,948,028.50 and reimbursement of expenses in the amount of $54,414.93.

27.     On February 13, 2013, the Court entered the *Order Granting Second Interim Fee Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation for the Interim Period September 1, 2012 Through November 30, 2012* [Docket No. 1155] and the *Findings of Fact and Conclusions of Law in Support of Order Awarding to Kirkland & Ellis LLP, Attorneys for the Trustee, for Allowance and Payment of Interim Compensation* [Docket No. 1156]; and on March 6, 2013, the Court entered the *Amended Order Granting Second Interim Fee Application of Kirkland & Ellis LLP for Allowance of Administrative Claim*

9

*for Compensation and Reimbursement of Expenses for the Interim Period September 1, 2012*

*Through November 30, 2012* [Docket No. 1291].    Together, these orders awarded K&E

$2,001,623.43 on account of its fees and expenses on an interim basis and authorized the Trustee

to remit such amount to K&E for the period September 1, 2012, through November 30, 2012.

28.    On April 22, 2013, K&E filed the *Third Interim Fee Application of Kirkland &*

*Ellis LLP for Allowance of Administrative Claim for Compensation and Reimbursement of*

*Expenses for the Interim Period December 1, 2012 Through February 28, 2013*

[Docket No. 1546] (the "Third Interim Fee Application").    In the Third Interim Fee Application,

Kirkland sought compensation in the amount of $1,083,634.50 and reimbursement of expenses

in the amount of $19,907.89.

29.    On May 14, 2013, the Court entered the *Order Granting Third Interim Fee*

*Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation*

*for the Interim Period December 1, 2012 Through February 28, 2013* [Docket No. 1655] and the

*Findings of Fact and Conclusions of Law in Support of Order Awarding to Kirkland & Ellis*

*LLP, Attorneys for the Trustee, for Allowance and Payment of Interim Compensation*

[Docket No. 1659].    Together, these orders awarded K&E $1,100,052.42 on account of its fees

and expenses on an interim basis and authorized the Trustee to remit such amount to K&E for

the period December 1, 2012, through February 28, 2013.

**Kirkland & Ellis LLP Total Payment Received and Payment Request**

30.    By this Final Fee Application, K&E seeks approval of the amounts of the fees and

expenses requested for the Fourth Interim Fee Period and final approval of the amounts of the

fees and expenses requested for the Final Fee Period.    Specifically, K&E seeks final allowance

of compensation for professional services rendered to the Trustee during the Final Fee Period in

the aggregate amount of $5,023,160.50 and for reimbursement of actual expenses incurred in

connection with rending such services in the aggregate amount of $112,684.05, for a total award of $5,135,844.55 for fees and expenses.  This Final Fee Period total includes the allowance of compensation for professional services rendered to the Trustee for the Fourth Interim Fee Period in the aggregate amount of $917,527.50 and for reimbursement of actual expenses incurred in connection with rending such services in the aggregate amount of $24,739.17, for a total award of $942,266.67 for fees and expenses.

31.    During the Fourth Interim Fee Period, K&E, after internal review, took voluntary reductions in fees in the amount of $10,447.50 and expenses in the amount of $7,079.49, for a total reduction of $17,526.99.  During the Final Fee Period, K&E, after internal review, took voluntary reductions in fees in the amount of $77,460.00 and expenses in the amount of $17,040.87, for a total reduction of $94,500.87.

32.    As of the date hereof, K&E has received $4,895,489.84 from the Trustee for fees and expenses incurred during the Final Fee Period, which represents 100% of fees and 100% of expenses approved pursuant to the orders entered by this Court approving the First Interim Fee Application [Docket No. 896], the Second Interim Fee Application [Docket Nos. 1155, 1156, and 1291], the Third Interim Fee Application [Docket Nos. 1655 and 1659], and 80% of fees and 100% of the expenses requested in the March Application and the April Application (as defined below).[5]  As of the date herein, K&E has not received payment for the May Application.  The

---

[5]    For a detailed description of the services rendered and the expenses incurred by K&E in its representation of the Trustee, see the *Eleventh Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period from March 1, 2013 Through March 31, 2013* [Docket No. 1575], attached hereto as **Exhibit D** (the "March Application"), the *Twelfth Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period April 1, 2013 Through April 31, 2013* [Docket No. 1699], attached hereto as **Exhibit E** (the "April Application"), and the *Thirteenth Application of Kirkland & Ellis LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period May 1, 2013 Through May 31, 2013* [Docket No. 1786], attached hereto as **Exhibit F** (the "May Application," and collectively with the March Application and the April Application, the "Monthly Applications").

11

objection period for the May Application expires on July 16, 2013.  Additionally, K&E has not received payment for the additional expenses requested in this Final Fee Application attached hereto as **Exhibit C**.

33.     The fees sought in this Final Fee Application reflect an aggregate of 8,978.60 hours expended by K&E professionals and paraprofessionals during the Final Fee Period rendering necessary and beneficial legal services to the Trustee at a blended average hourly rate of $563.30 for both attorneys and paraprofessionals (or $601.92 for attorneys only).  K&E maintains computerized records of the time expended in the performance of the professional services required by the Trustee and the Debtors' estates.  These records are maintained in the ordinary course of K&E's practice.

34.     The hourly rates and corresponding rate structure used by K&E in the chapter 11 cases are equivalent to the hourly rates and corresponding rate structure predominantly used by K&E for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that K&E's matters are typically national in scope and generally involve great complexity, high stakes, and severe time pressures.

35.     K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

36.     This Final Fee Application is K&E's final request for compensation for services rendered and reimbursement of expenses incurred as counsel to the Trustee.

K&E 26734758

**Summary Of Services**

37.    During the Final Fee Period, K&E provided a significant number of professional services to the Trustee in connection with these chapter 11 cases.  These services were often performed under time constraints and were necessary to administer a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity. Throughout the Final Fee Period covered by this Final Fee Application, K&E spent a significant amount of time working on initiatives that maximized the value of the Debtors' estates, including issues related to obtaining liquidity necessary to operate business operations, seeking entry into new leases for operating and real property assets, and, ultimately, negotiating and documenting purchase agreements for the Debtors' valuable assets, the proceeds of which were distributed to the Debtors' creditors and equityholders through a consensual chapter 11 plan.

38.    During the Fourth Interim Fee Period, K&E continued to provide these services to the Trustee for the benefit of the Debtors' estates.  In particular, the Fourth Interim Fee Period covered a significant amount of time related to the successful sale of certain of the Debtors' real property assets, drafting the Plan and documents related thereto, and obtaining confirmation of the Plan.

39.    To provide a meaningful summary of K&E's services rendered on behalf of the Trustee, K&E has established, in accordance with the Guidelines and its internal billing procedures, certain subject matters (each, a "Subject Matter") in connection with these chapter 11 cases.  The following is a summary, by Subject Matter, of the principle professional services rendered by K&E during the Final Fee Period.  This summary is organized in accordance with K&E's internal system of matter numbers.  Additionally, the computerized time records for the Final Fee Period were provided to the Court and the U.S. Trustee.  The detailed descriptions

13

demonstrate K&E was heavily involved in performing services for the Trustee on a daily basis,

often including night and weekend work, to meet the Trustee's needs and those of the Debtors'

estates in these chapter 11 cases.

(a)   Adversary Proceedings, Contested Matters (Matter 2)

(Fees:  $259,382.00; Hours:  445.30)

40.   This  Subject  Matter  includes  legal  services  rendered  in  connection

with investigating  and  analyzing  issues  related  to  the  Debtors'  former  insiders  and  related

matters.  In addition, during the Final Fee Period, this Subject Matter includes preparing and

filing an adversary proceeding against Arun Veluchamy ("Arun") and Anu Veluchamy ("Anu"),

the children of the Debtors' former owners, regarding lease and mortgage issues connected with

5201 Thatcher, a location where the Debtors operated certain of their businesses and which was

beneficially owned for the benefit of Anu and Arun.  K&E, at the Trustee's direction, initiated an

adversary proceeding against Arun and Anu when they refused to enter into new leases with the

Debtors, which were required because of the purported lapse of the section 365(d)(4) deadline.

Entry into a new lease at 5201 Thatcher was a condition to closing the sale with Valid, and

therefore was vital to the Trustee's ability to maximize the value of the estates for all creditors.

This adversary proceeding was ultimately successful when the Trustee reached an agreement

with Arun and Anu, allowing the Debtors to enter into new leases at market rates, thereby

permitting the Trustee to meet this condition to closing the sale of the Debtors' operating assets

to Valid.

(b)   Automatic Stay (Matter 3)

(Fees:  $32,921.00; Hours:  57.30)

41.   This Subject Matter includes legal services rendered during the Final Fee Period

relating to the imposition, enforcement, and continuation of the automatic stay on pending and

threatened litigation, including drafting and reviewing various memoranda, correspondence, and

pleadings and participating in conferences regarding the enforcement, termination, or

continuation of the automatic stay in connection with the *Motion of MB Financial Bank for*

*Relief from the Automatic Stay* [Docket No. 371] and state court actions brought in violation of

the automatic stay.

(c)   Business Operations and Vendor Issues (Matter 4)

(Fees:  $73,263.00; Hours:  124.20)

42.   This Subject Matter includes legal services rendered in connection with providing

guidance to the Trustee on various legal issues related to the Debtors' business operations,

including customer and vendor issues and contract negotiations.

(d)   Employee Issues (Matter 5)

(Fees:  $77,912.00; Hours:  118.00)

43.   This Subject Matter includes legal services rendered with respect to employment

matters, including matters related to the Debtors' workforce.

(e)   Case Administration (Matter 6)

(Fees:  $241,531.50; Hours:  429.80)

44.   This Subject Matter includes legal services rendered in connection with the

administration of the chapter 11 estates, including:  (a) monitoring the Court's docket;

(b) performing clerical and administrative activities; (c) preparing and updating case calendars

and works in process lists; (d) conducting internal K&E conferences and corresponding with the

Trustee regarding case status; and (e) coordinating case management tasks among K&E

personnel and other retained professionals.

15

K&E 26734758

     (f)    <u>Cash Collateral, DIP and Financing (Matter 7)</u>

(Fees:  $369,600.50; Hours:  654.90)

45.    This Subject Matter includes legal services rendered in connection with the Trustee's ability to use cash collateral, finance the Debtors' operations, and related matters, including:  (a) reviewing the various cash collateral orders entered in these chapter 11 cases and advising the Trustee on compliance related matters; (b) analyzing mortgage and loan documents to determine the chapter 11 estates' cash positions; (c) advising the Trustee on various issues related to the chapter 11 estates' financing options; (d) negotiating with counterparties regarding cash collateral and postpetition financing options; (e) drafting and filing numerous motions related to postpetition financing and cash collateral use; and (f) preparing materials related to the relief requested in these motions, including credit agreements, closing documents, and other related documents.

46.    Importantly, the legal services provided by K&E during the Final Fee Period were central to the Trustee's ability to finance the ongoing operations at the Debtors' operating businesses.  Specifically, K&E obtained approval for (a) the Trustee to repay oversecured obligations owed to the Amalgamated Bank of Chicago [Docket No. 410], which allowed the Trustee to fund operations at Versatile Card Technology, Inc. ("<u>VCT</u>"), a debtor in these chapter 11 cases, without burdensome requirements on VCT's operations, and (b) the Trustee to enter into postpetition financing with the Private Bank and Trust Company [Docket No. 769], which provided VCT and other operating Debtors with working capital and allowed the Trustee to repay oversecured obligations to Burr Ridge Bank & Trust at Global Card Services, Inc. in order to free additional liquidity.  These efforts were an important part of the Trustee's efforts to stabilize the Debtors' operations during the marketing period in order to maintain and even enhance the value of the Debtors' estates.

K&E 26734758

(g)   Avoidance Action, Claims Investigation (Matter 8)

(Fees:  $90,293.00; Hours:  174.90)

47.   This Subject Matter includes legal services rendered in connection with: (a) investigating the chapter 11 estates' potential claims, including claims against former insiders; (b) preparing, filing, and prosecuting motions under Bankruptcy Rule 2004 [Docket Nos. 1497 and 1498] and engaging in related discovery pursuant to the orders entered approving such Bankruptcy Rule 2004 examinations; and (c) monitoring issues related to the chapter 7 cases of Pethinaidu Veluchamy and Parameswari Veluchamy.

(h)   Claims Administration and Objections (Matter 9)

(Fees:  $227,702.50; Hours:  468.80)

48.   This Subject Matter includes legal services rendered in connection with: (a) reviewing potential claims against the chapter 11 estates, including analyzing claims set forth on the schedules and statements prepared by the Debtors and the proofs of claim filed in these chapter 11 cases; (b) analyzing legal and factual grounds for potential objections to various proofs of claims; (c) investigating and responding to claims-related questions from creditors; and (d) preparing and filing three omnibus objections to proofs of claim filed in the chapter 11 cases [Docket Nos. 1011, 1432, and 1581] and objections to specific claims filed by Jaganath and Vasudevaki Naidu [Docket No. 1442] and Rajiv Parthasarathy [Docket No. 1443].

(i)   Corporate and Governance Issues (Matter 10)

(Fees:  $4,430.00; Hours:  8.20)

49.   This Subject Matter includes legal services rendered in advising the Trustee on matters related to the Debtors' corporate structure and corporate organization.

17

(j)   Customer and Creditor Communications (Matter 11)

(Fees:  $125,714.50; Hours:  192.20)

50.    This Subject Matter includes legal services rendered in connection with communicating with various customers and creditors of the chapter 11 estates, including: (a) consulting with the Committee and other key stakeholders in these chapter 11 cases to discuss the chapter 11 process; and (b) responding to customer and vendor inquiries regarding the status of the chapter 11 cases.

(k)   Disclosure Statement, Plan, Confirmation (Matter 12)

(Fees:  $552,922.50; Hours:  975.50)

51.    This Subject Matter includes legal services rendered in connection with the development, preparation, and confirmation of the Plan, whereby the Trustee has made and continues to make distributions to the holders of claims and interests.  Specifically, through the Plan, the creditors at all but two of the Debtors will be repaid in full, and the Trustee estimates that there will be a distribution on account of equity interests in excess of approximately $11.5 million.

52.    In this process, K&E drafted and negotiated a plan term sheet with the various stakeholders in these chapter 11 cases to obtain their support for the chapter 11 plan process. After obtaining this initial consent, K&E drafted and filed multiple versions of the chapter 11 plan [Docket Nos. 1101, 1306, and 1530] and disclosure statement [Docket Nos. 1100 and 1307], each of which included significant input from the Debtors' key stakeholders.  After obtaining Disclosure Statement approval [Docket No. 1342] (the "Disclosure Statement Order"), K&E coordinated the solicitation of acceptances and rejections of the Plan in compliance with the Disclosure Statement Order.  During this time, K&E prepared and filed a brief [Docket No. 1536] and a declaration [Docket No. 1531] in support of the Plan, three supplements to the

18

Plan [Docket Nos. 1456, 1482, and 1524], and a proposed order confirming the Plan [Docket No. 1537].

53.     Throughout this time period, K&E continued to work collaboratively with the Trustee's other retained professionals and various parties in interest to reach a consensus on the Plan and the related documents.  These efforts, as noted above, were ultimately successful and the Court confirmed the Plan on an uncontested basis at the hearing to confirm the Plan [Docket No. 1555].   K&E then implemented and documented the necessary actions to allow the confirmed Plan to go effective on the Effective Date for all Debtors subject to the Plan, and the Liquidator has begun making the distributions required by the Plan.

(l)     Executory Contracts, Unexpired Leases (Matter 13)

(Fees:  $248,530.00; Hours:  403.00)

54.     This Subject Matter includes legal services rendered in connection with the chapter 11 estates' various leases and executory contracts, including:   (a) reviewing and analyzing the chapter 11 estates' executory contracts and real property and equipment leases; (b) analyzing real property and equipment leases in connection with the sale of the Debtors' assets to Valid; (c) preparing and filing motions and other notices to reject certain executory contracts and unexpired leases [Docket Nos. 475, 625, and 1433], enter into new contracts with customers [Docket Nos. 442 and 849],  and enter into new lease agreements for certain of the Debtors' real property [Docket No. 960]; and (d) addressing issues related to leases in connection with the adversary complaint filed against Anu and Arun and a related motion to assume leases [Docket No. 846].

(m)    <u>Hearings (Matter 14)</u>

(Fees: $123,777.50; Hours:  197.20)

55.    This Subject Matter includes legal services rendered in preparing for and attending numerous hearings in these chapter 11 cases and related hearings in the chapter 7 cases of Pethinaidu Veluchamy and Parameswari Veluchamy.

(n)    <u>Insurance (Matter 15)</u>

(Fees: $15,285.50; Hours:  21.80)

56.    This Subject Matter includes legal services rendered in connection with analyzing and advising on matters related to certain of the Debtors' insurance policies.

(o)    <u>Non-K&E Retention Issues (Matter 16)</u>

(Fees: $242,250.50; Hours:  491.00)

57.    This Subject Matter includes legal services rendered in connection with certain non-K&E professionals' retention applications, including:  (a) assisting with such professionals' retention and compensation in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court; and (b) advising the Trustee on compliance with the terms of such retention applications, the Interim Compensation Order, and the *Order Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business* [Delaware Docket No. 266], as amended by [Docket No. 411].

(p)    <u>K&E Retention, Fee Applications (Matter 17)</u>

(Fees: $211,505.00; Hours:  563.50)

58.    This Subject Matter includes legal services rendered in connection with K&E's retention, including:  (a) performing comprehensive conflicts checks and related disclosures; and (b) preparing and filing the Monthly Applications as well as the First Interim Fee Application,

the Second Interim Fee Application, and the Third Interim Fee Application in these chapter 11

cases, and related matters.

> (q)     Schedules, Statement of Financial Affairs
>         and Monthly Operating Report (Matter 18)
>
>         (Fees:  $39,693.50; Hours:  108.10)

59.     This Subject Matter includes legal services rendered in connection with issues

related to:  (a) preparing and reviewing the monthly operating reports for the chapter 11 estates;

and (b) preparing and filing certain amended schedules [Docket Nos. 1096, 1491, and 1521].

> (r)     Tax Issues (Matter 19)
>
>         (Fees:  $13,467.50; Hours:  17.50)

60.     This Subject Matter includes legal services rendered in advising the Trustee on

matters related to the Debtors' tax planning and obligations, including tax issues arising in

connection with the sale of the Debtors' assets to Valid.

> (s)     U.S. Trustee Issues (Matter 21)
>
>         (Fees:  $8,320.00; Hours:  10.50)

61.     This Subject Matter includes legal services rendered in connection with issues and

communications involving or related to the Office of the United States Trustee.

> (t)     Use, Sale and Disposition of Property (Matter 22)
>
>         (Fees:  $1,334,588.00; Hours:  2,139.60)

62.     This Subject Matter includes legal services rendered in connection with the

potential sale or other disposition of estate assets.  Specifically, K&E spent considerable time

and effort throughout the Final Fee Period working with the Trustee and his other retained

advisors on marketing, negotiating, and selling the Debtors' operating assets.  As noted above,

this sale process was successful and K&E obtained entry of an order approving the sale [Docket

No. 887] (the "Sale Order") on November 6, 2012, and, along with the Trustee and his advisors,

21

successfully consummated the sale on November 30, 2012. This sale transaction with Valid had an estimated value in excess of $51 million and was a critical part of the Trustee's ability to repay a majority of the Debtors' creditors in full.

63.    The work required to implement the sale to Valid effectively and efficiently was complex and extensive, requiring K&E to draw on the experience and expertise of attorneys in various K&E practice groups, including corporate, real estate, intellectual property, and environmental specialists. K&E's efforts throughout this sale process included: (a) coordinating with the Trustee's retained professionals regarding the sale process for substantially all of the Debtors' operating assets; (b) preparing materials, including form asset purchase agreements, bid procedures, and related documents, to be used in conjunction with that process; (c) negotiating nondisclosure agreements with potential purchasers of the chapter 11 estates' assets; (d) coordinating buyer diligence; (e) drafting and filing a motion to approve the Trustee's stalking horse asset purchase agreement with Valid and authorizing the Trustee to hold an auction, if necessary [Docket No. 737]; (f) preparing for a potential auction and the sale hearing; (g) advising the Trustee regarding a multitude of issues related to the sale to Valid, including real estate, intellectual property, cross-border implications, transition services, environmental law, insurance requirements, and employment law, among others; (h) consummating the transactions contemplated by the Sale Order; (i) coordinating with the Valid, the Trustee, and the Trustee's other retained professionals regarding the post-closing process; and (j) drafting and filing motions authorizing the Trustee to repay certain secured debt in connection with the sale to Valid [Docket Nos. 922, 956, and 1348].

K&E 26734758

(u)    Utilities (Matter 23)

(Fees:  $402.00; Hours:  0.60)

64.    This Subject Matter includes legal services rendered related to the amendment of
the *Final Order Pursuant to Sections 105 and 366 of the Bankruptcy Code (I) Determining
Utility Providers are Adequately Assured of Future Performance, (II) Enjoining Utility
Providers from Altering, Refusing, Discontinuing, or Interfering with Utility Service, and (III)
Establishing Procedures for Determining Requests for Additional Adequate Assurance*
[Delaware Docket No. 128].

(v)    Real Estate Sale Process (Matter 24)

(Fees:  $764,143.50; Hours:  1,376.70)

65.    This Subject Matter includes legal services rendered in connection with the
preparation for the sale or other disposition of the Debtors' real property assets.  Specifically,
K&E advised the Trustee on his efforts to monetize the Debtors' owned real property through an
active marketing and auction process.   In connection therewith, K&E negotiated with the
mortgage lenders for the Debtors' real property and the Debtors' other key stakeholders in order
to create an efficient and expeditious process.  After reaching agreement on the framework for
the process, K&E obtained Court approval for real estate auction procedures on January 16, 2013
[Docket No. 1022] (the "Bidding Procedures Order").  K&E, the Trustee, and the Trustee's real
estate advisor also entered into negotiations with numerous parties, ultimately reaching
agreement on seven stalking horse asset purchase agreements for seven of the Debtors' eight real
property assets.  Through two separate auctions, the Trustee was able to drive value from an
initial $26 million value in the aggregate, to approximately $36 million.  The Trustee has closed
on all seven of these real property sales at this time.  As of the date hereof, the Trustee is
continuing to market the other parcel of owned real property.  These multiple sale transactions

23

were an instrumental part of the Trustee's confirmed Plan, allowing the Trustee to repay the

majority of the Debtors' creditors in full and distribute an estimate of more than $20 million to

another of the Debtors' senior lenders.

66.     The work required to effectively and efficiently carry out the Bidding Procedures

Order was complex, and K&E drew on the experience and expertise of attorneys in various K&E

practice groups, including real estate and environmental specialists.  In particular, K&E's efforts

throughout this real estate sale process included:  (a) drafting real estate bid procedures and other

documents necessary to effectuate an eventual sale of the real property assets; (b) obtaining

approval of the Bidding Procedures Order; (c) communicating with potential bidders for the

Debtors' real property assets and facilitating due diligence in connection with those parties and

their potential bids; (d) drafting and, where necessary, negotiating information materials for

prospective real estate purchasers, nondisclosure agreements, escrow agreements, and real estate

sale agreements, among many other documents necessary to effectuate the sale of the Debtors'

real property assets; (e) preparing and filing, among other things, notices of stalking horse

bidders for multiple real property assets, notices of successful bidders and backup bidders for

certain of the real property assets where an auction was held, and motions seeking approval of

certain amendments to real estate purchase agreements; (f) advising and conferring with the

Trustee with respect to the real estate sale process, including auction procedures and strategy;

(g) preparing for and conducting two successful all-day auctions at K&E's offices for the sale of

five separate parcels of real property; (h) finalizing open issues post-auction, including

memorializing the real estate purchase agreements between the Trustee and the successful and

backup bidders for certain real property assets; (i) obtaining Court approval for seven separate

24

sales of real property [Docket Nos. 1275, 1331, 1332, 1333, 1384, 1385, and 1424]; and

(j) closing on the sale of seven separate parcels of real property.[6]

**Reasonable And Necessary Services Rendered By K&E**

67.     The foregoing professional services rendered by K&E on behalf of the Trustee

during the Final Fee Period were reasonable, necessary, and appropriate to the administration of

these chapter 11 cases and related matters.

68.     Many of the services performed by partners and associates of K&E were rendered

by K&E's restructuring group.  K&E has a prominent practice in this area and enjoys a national

and international reputation for its expertise in financial reorganizations and restructurings of

troubled companies, with over 100 attorneys focusing on this area of the law.  The attorneys at

K&E have represented either the debtor or the creditors' committee or have acted as special

counsel in many prominent and complex chapter 11 cases.

69.     In addition, due to the facts and circumstances of these chapter 11 cases, attorneys

from K&E's litigation, corporate, tax, and real estate groups were heavily involved with K&E's

representation of the Trustee.   These practice groups also enjoy national and international

reputations for their expertise.  Overall, K&E brings to these chapter 11 cases a particularly high

level of skill and knowledge, which inured to the benefit of the Trustee, the Debtors' estates, and

all stakeholders.

70.     During the Final Fee Period, K&E advised and assisted the Trustee in many facets

of these chapter 11 cases.  To this end, as set forth in detail in the summary attached to this

Application, numerous K&E partners, counsel, associates, and paraprofessionals from various

K&E practice groups expended time rendering professional services on behalf of the Trustee.  As

---

[6]     In addition, and as noted above, the Trustee is actively marketing the final piece of real property owned by the
Debtors' estates.

25

discussed more fully above, the vast majority of the legal services provided to Trustee by K&E are attributable to the work performed by attorneys in the restructuring, litigation, corporate, tax, and real estate practice groups.

## Actual And Necessary Expenses Incurred By K&E

71.      K&E has incurred a total of $24,739.17 in expenses on behalf of the Trustee during the Fourth Interim Fee Period and $112,684.05 for the Final Fee Period.  These charges are intended to reimburse K&E's direct operating costs, which are not incorporated into the K&E hourly billing rates.  K&E charges external copying and computer research at the provider's cost without markup.  Only clients who actually require such services are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

72.      The circumstances of these chapter 11 cases required K&E attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Trustee.  These services were essential to meet deadlines, to respond to inquiries from various creditors and other parties in interest on a timely basis, to satisfy the Trustee's demands, and ensure the orderly administration of the chapter 11 estates.  Consistent with firm policy and as further disclosed in the K&E retention application, K&E attorneys and other K&E employees who worked late in the evenings or on weekends were reimbursed for their reasonable transportation costs, although K&E has voluntarily waived reimbursement for costs for overtime meals.  K&E's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.  The reimbursement amounts do not exceed those set forth in the Guidelines.

K&E 26734758

73.    In addition, the effective and efficient representation of the Trustee during the Final Fee Period required frequent multi-party telephone conferences involving numerous parties.  On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials.  The disbursements for such services are not included in K&E's overhead for the purpose of setting billing rates and K&E has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Trustee in these chapter 11 cases.   As mentioned above, K&E voluntarily has reduced the expenses requested by $17,040.87.

### K&E's Requested Compensation and
### Reimbursement Should Be Allowed

74.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.   Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> a.    the time spent on such services;
>
> b.    the rates charged for such services;
>
> c.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

27

      d.        whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

      e.        with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

      f.        whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

75.     In these chapter 11 cases, K&E respectfully submits that the services for which it seeks compensation in this Final Fee Application were, when rendered, necessary for and beneficial to the Trustee and were rendered to protect and preserve the Debtors' estates. K&E further believes that it performed the services for the Trustee economically, effectively, and efficiently, and the results obtained benefited not only the Trustee, but also the Debtors' estates and the Debtors' constituents. K&E further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Trustee, the Debtors' estates, and all parties in interest.

76.     During the course of these chapter 11 cases, K&E's hourly billing rates for attorneys ranged from $370.00 to $1,045.00. The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure predominantly used by K&E for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

28

77.    Moreover, K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.   Hourly rates vary with the experience and seniority of the individuals assigned.   These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

78.    In sum, K&E respectfully submits that the professional services rendered by K&E on behalf of the Trustee during the Final Fee Period were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by K&E, the nature and extent of K&E's services rendered, the value of K&E's services, and the cost of comparable services outside of bankruptcy, which are relevant factors set forth in section 330 of the Bankruptcy Code.   Accordingly, K&E respectfully submits that approval of the compensation sought herein is warranted and should be approved.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

K&E 26734758

WHEREFORE, the K&E respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**: (a) allowing and awarding compensation for professional services rendered during the Fourth Interim Fee Period in the amount of $917,527.50 and for reimbursement of all actual and necessary expenses incurred by K&E during the Fourth Interim Fee Period in the amount of $24,739.17; (b) allowing on a final basis and awarding compensation for professional services rendered during the Final Fee Period in the amount of $5,023,160.50 and for reimbursement of all actual and necessary expenses incurred by K&E during the Final Fee Period in the amount of $112,684.05; and (c) granting related relief.

Dated:  July 2, 2013                          Respectfully Submitted,


                                              */s/ David L. Eaton*
                                              James H.M. Sprayregen, P.C. (IL Bar No. 6190206)
                                              David L. Eaton (IL Bar No. 3122303)
                                              Ryan Preston Dahl (IL Bar No. 6292645)
                                              **KIRKLAND & ELLIS LLP**
                                              300 North LaSalle Street
                                              Chicago, Illinois  60654
                                              Telephone: (312) 862-2000
                                              Facsimile:  (312) 862-2200

                                              *Counsel to the Chapter 11 Trustee*

K&E 26734758

**<u>Exhibit A</u>**

**Proposed Order**