## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUALTEQ, INC., | ) | Case No. (12-05861) (ERW) |
| d/b/a VCT NEW JERSEY, INC. *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date: July 23, 2013, at 9:30 a.m. |
| | ) | Objection Deadline: July 22, 2013, at 4:00 p.m. |

**NOTICE OF THIRD INTERIM AND FINAL FEE APPLICATION OF GOLDSTEIN & MCCLINTOCK LLLP, COUNSEL TO THE DEBTORS AND FORMER DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION FOR THE PERIOD AUGUST 26, 2011 THROUGH MAY10, 2012**

**PLEASE TAKE NOTICE** that Goldstein & McClintock LLLP ("*G&M*") has filed its

*Third Interim and Final Fee Application of Goldstein & McClintock LLLP, Counsel to the*

*Debtors and Former Debtors In Possession, For Allowance of Compensation for the Period*

*August 26, 2011 Through May 10, 2012*, respectively (the "*Application*") pursuant to sections

330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "*Bankruptcy*

*Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rule 5082-1 of the Local Rules for the United States Bankruptcy Court for the Northern District

of Illinois (the "*Local Rules*").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the

Application will be held before Honorable Eugene R. Wedoff, Everett McKinley Dirksen United

States Courthouse, 219 South Dearborn Street, Courtroom 744, Chicago, Illinois 60604, on **July**

**23, 2013, at 9:30 a.m.** (prevailing Central Time).

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (ii) 1400 Centre Circle, LLC (7091); (iii) 5200 Thatcher, LLC (6991); (iv) 5300 Katrine, LLC (6016); (v) Anar Real Estate, LLC (9267); (vi) Automated Presort, Inc. (0850); (vii) Avadamma LLC (4775; 4800; 4810; 4829); (viii) Creative Automation Company (4350); (ix) Creative Investments, a General Partnership (5992); (x) Fulfillment Xcellence, Inc. (3461); (xi) Global Card Services, Inc. (4581); (xii) Unique Data Services, Inc. (1068); (xiii) Unique Embossing Services, Inc. (1043); (xiv) Unique Mailing Services, Inc. (2594); (xv) Versatile Card Technology, Inc. (5258); (xvi) Veluchamy LLC (3434); and (xvii) Vmark, Inc. (5904).

**PLEASE TAKE FURTHER NOTICE** that you may obtain additional information concerning the above-captioned chapter 11 cases at the website maintained in these chapter 11 cases at http://www.phaseeleven.com/qualteq/.

Dated: July 2, 2013

By: /s/ Matthew E. McClintock
       One of Its Attorneys

**GOLDSTEIN & MCCLINTOCK LLLP**
Harley J. Goldstein, Esq.
Matthew E. McClintock, Esq.
208 South LaSalle Street, Suite 1750
Chicago, Illinois  60604
Telephone: (312) 337-7700
Facsimile:  (312) 277-2305

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| QUALTEQ, INC., | ) Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC. *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Objection Deadline: July 22, 2013, at 4:00 p.m.,** |
| | ) **prevailing Central Time** |
| | ) |
| | ) **Hearing Date: July 23, 2013, at 9:30 a.m.,** |
| | ) **prevailing Central Time** |
| | ) |

### THIRD INTERIM AND FINAL FEE APPLICATION OF GOLDSTEIN & MCCLINTOCK LLLP, COUNSEL FOR THE DEBTORS AND FORMER DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION FOR THE PERIOD FROM AUGUST 26, 2011 THROUGH MAY 10, 2012

| | |
|---|---|
| Name of Applicant: | Goldstein & McClintock LLLP |
| Authorized to Provide Professional Services to: | Debtors and Former Debtors in Possession |
| Date of Retention: | September 26, 2011 *nunc pro tunc* to commencement of representation |
| **Third Interim and Final Fee Period:** | February 1, 2012 through May 10, 2012[2] |
| Amount of compensation sought as actual, reasonable and necessary for the Third Interim Application Period: | $1,260,947.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (ii) 1400 Centre Circle, LLC (7091); (iii) 5200 Thatcher, LLC (6991); (iv) 5300 Katrine, LLC (6016); (v) Anar Real Estate, LLC (9267); (vi) Automated Presort, Inc. (0850); (vii) Avadamma LLC (4775; 4800; 4810; 4829); (viii) Creative Automation Company (4350); (ix) Creative Investments, a General Partnership (5992); (x) Fulfillment Xcellence, Inc. (3461); (xi) Global Card Services, Inc. (4581); (xii) Unique Data Services, Inc. (1068); (xiii) Unique Embossing Services, Inc. (1043); (xiv) Unique Mailing Services, Inc. (2594); (xv) Versatile Card Technology, Inc. (5258); (xvi) Veluchamy LLC (3434); and (xvii) Vmark, Inc. (5904).

[2] In addition, and as discussed in greater detail below, G&M is also seeking compensation for certain fees and expenses incurred after the appointment of the chapter 11 trustee on May 10, 2012 (for example where G&M was asked to assist the trustee or was otherwise required to perform services in support of the trustee's efforts to administer the Debtors' estates).

| | |
|---|---|
| Amount of expense reimbursement sought as actual, reasonable and necessary for the Third Interim Application Period: | $19,371.27 |
| **Final Fee Period** | August 26, 2011 through May 10, 2012[2] |
| Amount of compensation sought as actual, reasonable and necessary for the Final Application Period: | $3,252,516.00[3] |
| Amount of expense reimbursement sought as actual, reasonable and necessary for the Final Application Period: | $29,211.06[4] |

This is the third interim and final fee application for Goldstein & McClintock LLLP.

**Prior Applications Filed**

| Date | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 10/26/11 (First Monthly) | 08/26/11 through 08/31/11 | $30,735.50 | $0.00 | $30,735.50 | $0.00 |
| 10/26/11 (Second Monthly) | 09/01/11 through 09/30/11 | $344,930.00 | $3,935.03 | $344,930.00 | $3,935.03 |
| 12/03/11 (Third Monthly) | 10/01/11 through 10/31/11 | $330,111.50 | $2,098.55 | $330,111.50 | $2,098.55 |

---

[3]    G&M actually provided services to the Debtors in the amount of $3,331,571.00 during the Final Application Period. However, this Court's March 6, 2013 order granting G&M's Second Interim Fee Application reduced G&M's fees by $79,055.00. The total fees requested on a final basis in this Final Fee Application reflects this reduction.

[4]    G&M actually incurred costs and expenses of $21,681.98 during the Final Application Period. However, this Court's March 6, 2013 order granting G&M's Second Interim Fee Application reduced G&M's approved expenses by $2,310.71. The total costs and expenses requested on a final basis in this Final Fee Application reflects this reduction.

| | | | | | |
|---|---|---|---|---|---|
| 12/03/11 (First Interim)[5] | 08/26/11 through 10/31/11 | $705,777.00 | $6,033.58 | $705,777.00 | $6,033.58 |
| 11/09/12 (Fourth Monthly) | 11/01/11 through 11/30/11 | $602,089.50 | $1,957.17 | $481,671.60 | $1,957.17 |
| 12/07/12 (Fifth Monthly) | 12/01/11 through 12/31/2011 | $428,228.50 | $1,295.95 | $342,582.95 | $1,295.95 |
| 1/04/13 (Sixth Monthly) | 01/01/12 through 01/31/12 | $334,529.00 | $2,863.80 | $267,623.20 | $2,893.80 |
| 1/07/13 (Second Interim) | 11/1/11 through 1/31/12 | $1,364,847.00 | $6,116.92 | $1,285,791.50 | $3,806.21 |
| 1/15/13 (Seventh Monthly) | 2/1/12 through 2/16/12 (venue transfer) | $254,144.00 | $781.36 | $203,315.20 | $781.36 |
| 7/2/13 (Third Interim) | 2/1/12 through 5/10/12 | $1,260,947.00 | $19,371.27 | | |

## SUMMARY OF BILLING BY TIMEKEEPER FOR FINAL APPLICATION PERIOD
### For the Period from August 26, 2011 through May 10, 2012

| Name of Professional Person | Position of Applicant | Year of Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Erwin I. Katz | Of Counsel | 1962 | $700.00 | 18.7 | $13,090.00 |
| | | | $725.00 | 35.1 | $25,447.50 |
| Harley J. Goldstein | Partner | 1998 | $645.00 | 944.6 | $609,267.00 |
| | | | $695.00 | 794.1 | $551,899.50 |

---

[5]     After praising G&M for its first interim fee application, Judge Carey (the bankruptcy judge then presiding over these cases in Delaware) **allowed that fee application in full**, which encompassed the first three months of G&M's fees in these cases.

| Name of Professional Person | Position of Applicant | Year of Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Clinton W. Francis [6] | Of Counsel | N/A | $645.00 | 166.1 | $107,134.50 |
| | | | $695.00 | 123.4 | $85,763.00 |
| Matthew E. McClintock | Partner | 2003 | $415.00 | 805.9 | $334,448.50 |
| | | | $435.00 | 416.5 | $181,177.50 |
| David A. Hall | Partner | 2003 | $415.00 | 833.9 | $346,068.50 |
| | | | $435.00 | 624.5 | $271,657.50 |
| Scott Kitei | Of Counsel | 2004 | $400.00 | 384.9 | $153,960.00 |
| Craig A. Sloane | Of Counsel | 1998 | $350.00 | 14.2 | $4,970.00 |
| Lauren L. Tobiason | Associate | 2008 | $275.00 | 644.50 | $177,237.50 |
| | | | $290.00 | 422.4 | $122,496.00 |
| Amrit S. Kapai | Associate | 2011 | $200.00 | 117.2 | $23,440.00 |
| | | | $225.00 | 444.1 | $99,922.50 |
| | | | $240.00 | 591.5 | $141,960.00 |
| Zoran Balac | Associate | 2011 | $225.00 | 69.9 | $15,727.50 |
| | | | $240.00 | 66.4 | $15,936.00 |
| Teresa Gomez | Paralegal | N/A | $225.00 | 160.7 | $36,157.50 |
| Roger Gousse | Law Clerk | N/A | $175.00 | 40.5 | $7,087.50 |
| Jessica Riddle | Project Assistant | N/A | $105.00 | 45.1 | $4,735.50 |
| | | | $125.00 | 15.9 | $1,987.50 |
| | | | | | |
| **TOTAL** | | | | 7,780.1 | $3,331,571.00 |
| **Blended Rate:** | | | | | $428.22 |
| **TOTAL REQUESTED (LESS REDUCTIONS FROM SECOND INTERIM FEE APPLICATION)** | | | | | **$3,252,516.00** |

---

[6] Professor Clinton Francis is a tenured member of the Northwestern University School of Law faculty where he has taught since 1978. Mr. Francis received his LL.M from Victoria University of Wellington, New Zealand, and received his Scientiae Juridicae Doctor (S.J.D.) from the University of Virginia Law School.

### SUMMARY OF SERVICES BY PROJECT FOR FINAL APPLICATION PERIOD

| Project Category | Total Hours | Total Fees |
|---|---|---|
| 00001-Case Administration | 994.6 | $444,578.50 |
| 00002-Schedules and Reports | 540.6 | $17,370.50 |
| 00003-Executory Contracts | 58.7 | $52,539.50 |
| 00004-G&M Retention and Fee Application | 161.9 | $3,310.50 |
| 00006-Cash Management | 11.8 | $12,970.00 |
| 00007-Employee Issues | 30 | $106,625.50 |
| 00008-Other Professionals Retention | 327 | $363,391.00 |
| 00009-Cash Collateral/Secured Lenders | 778.2 | $67,026.50 |
| 00010-Creditor Inquiries | 119.2 | $228,962.50 |
| 00011-Customers, Vendors, and Operations | 549.1 | $958,560.50 |
| 00012-Litigation and Avoidance Actions | 2,116.5 | $607,565.00 |
| 00013-Plan and Disclosure Statement | 1,301.8 | $113,256.00 |
| 00014-Asset Sales | 269.9 | $102,651.50 |
| 00015-Corporate Governance | 227.4 | $176,649.00 |
| 00016-Claims | 293.4 | $76,114.50 |
| TOTAL | 7,780.1 | $3,331,571.00 |
| TOTAL (LESS REDUCTIONS FROM SECOND INTERIM FEE APPLICATION) | | **$3,252,516.00** |

Date: July 2, 2013

Goldstein & McClintock LLLP
By:  */s/ Matthew E. McClintock*
   One of Its Attorneys

GOLDSTEIN & MCCLINTOCK LLLP
Harley J. Goldstein, Esq.
Matthew E. McClintock, Esq.
208 S. LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone:  (312) 337-7700
Facsimile:  (312) 277-2305

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUALTEQ, INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC. *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: July 22, 2013, at 4:00 p.m.,** |
| | ) | **prevailing Central Time** |
| | ) | |
| | ) | **Hearing Date: July 23, 2013, at 9:30 a.m.,** |
| | ) | **prevailing Central Time** |
| | ) | |

**THIRD INTERIM AND FINAL FEE APPLICATION OF GOLDSTEIN &**
**MCCLINTOCK LLLP, COUNSEL FOR THE DEBTORS AND FORMER DEBTORS IN**
**POSSESSION, FOR ALLOWANCE OF COMPENSATION FOR THE**
**PERIOD FROM AUGUST 27, 2011 THROUGH MAY 10, 2012**

Goldstein & McClintock LLLP ("*G&M*" or the "*Applicant*"), as counsel for the above-

captioned debtors and former debtors in possession (collectively, the "*Debtors*"), hereby submits

this application (the "*Application*") for allowance of compensation (A) on an interim basis (i) for

professional services rendered by G&M to the Debtors for the period February 1, 2012 through

May 10, 2013 (the "*Interim Application Period*") and (ii) reimbursement of actual and necessary

expenses incurred by G&M during the Interim Application Period;  and (B) on a final basis (i)

compensation for the reasonable and necessary legal services that G&M rendered to the Debtors

from August 26, 2011 through May 10, 2012 (the "*Final Application Period*");  (ii)

reimbursement of actual and necessary expenses incurred by G&M during the Final Application

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (ii) 1400 Centre Circle, LLC (7091); (iii) 5200 Thatcher, LLC (6991); (iv) 5300 Katrine, LLC (6016); (v) Anar Real Estate, LLC (9267); (vi) Automated Presort, Inc. (0850); (vii) Avadamma LLC (4775; 4800; 4810; 4829); (viii) Creative Automation Company (4350); (ix) Creative Investments, a General Partnership (5992); (x) Fulfillment Xcellence, Inc. (3461); (xi) Global Card Services, Inc. (4581); (xii) Unique Data Services, Inc. (1068); (xiii) Unique Embossing Services, Inc. (1043); (xiv) Unique Mailing Services, Inc. (2594); (xv) Versatile Card Technology, Inc. (5258); (xvi) Veluchamy LLC (3434); and (xvii) Vmark, Inc. (5904).

Period; (iii) compensation for the reasonable and necessary legal services rendered by G&M from May 11, 2012, through July 2, 2013 (the "*Post-Appointment Period*"); and (iv) reimbursement of actual and necessary expenses incurred by G&M during the Post-Appointment Period under sections 330 and 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 5082-1 of the Local Rules of Bankruptcy Practice and Procedures for the United States Bankruptcy Court of the Northern District of Illinois (the "*Local Rules*"), and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "*U.S. Trustee Guidelines*"), and the amended Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "*Interim Compensation Procedures Order*") [Docket No. 411].   In support of this Application, G&M respectfully represents as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. Sections 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## INTRODUCTION

3.     On August 14, 2011 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "*Delaware Court*").

4.      On September 6, 2011, the Delaware Court entered the Interim Compensation Procedures Order [Delaware Docket No. 125], which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.[2]

5.      On September 26, 2011, the Delaware Court entered the Order Authorizing the Employment and Retention of Goldstein & McClintock LLLP as Lead Counsel to the Debtors Pursuant to section 327(A) of the Bankruptcy Code [Delaware Docket No. 223].

6.      On September 11, 2011, Anar filed a petition for relief under chapter 11 of the Bankruptcy Code (the "*Anar Real Estate Chapter 11 Case*" and together with the initial Chapter 11 Cases, the "*Chapter 11 Cases*").  On September 13, 2011, the Delaware Court ordered the Anar Real Estate Chapter 11 Case to be consolidated with the Initial Debtors' Chapter 11 Cases for procedural purposes only and the Chapter 11 Cases are being jointly administered [Delaware Docket No. 172].  Prior orders entered in the Chapter 11 Cases generally apply equally to the Anar Real Estate Chapter 11 Case.

7.      On October 26, 2011, G&M filed the First Monthly Fee Application for Allowance of Compensation and for Reimbursement of Actual and Necessary Expenses (the "*First Monthly Application*") requesting a total of $30,735.50 for the period August 26, 2011 through August 31, 2011.  On November 17, 2011, the Debtors filed a Certificate of No Objection with respect to the First Monthly Application [Delaware Docket No. 498].

8.      On October 26, 2011, G&M filed the Second Monthly Application for Allowance of Compensation and for Reimbursement of Actual and Necessary Expenses (the "*Second Monthly Application*") requesting a total of $344,930.00 for the period September 1, 2011

---

[2]      Upon request by the Chapter 11 Trustee, the Interim Compensation Procedures were subsequently amended.  *See* amended Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members [Docket No. 411].

through September 30, 2011.  On November 17, 2011, the Debtors filed a Certificate of No

Objection with respect to the Second Monthly Application [Delaware Docket No. 499].

9.      On December 3, 2011, G&M filed the Third Monthly Application for Allowance

of Compensation and for Reimbursement of Actual and Necessary Expenses (the "*Third Monthly

Application*") requesting a total of $330,111.50 for the period October 1, 2011 through October

31, 2011.  On December 26, 2011, the Debtors filed a Certificate of No Objection with respect to

the Third Monthly Application [Delaware Docket No. 655].

10.     On December 3, 2011, G&M filed the First Interim Fee Application for

Allowance of Compensation and Reimbursement of Expenses (the "*First Interim Application*")

requesting a total of $141,155.40 in unapproved holdback for the period August 26, 2011

through October 31, 2011.  On December 28, 2011, the Delaware Court allowed the First Interim

Application in full [Delaware Docket No. 663].

11.     On February 16, 2012, the Delaware Court transferred venue of these cases to the

United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").  A chapter 11

trustee (the "*Chapter 11 Trustee*") was appointed by the Court on May 10, 2012.

12.     On November 9, 2012, G&M filed the Fourth Monthly Application for Allowance

of Compensation and for Reimbursement of Actual and Necessary Expenses (the "*Fourth

Monthly Application*") requesting a total of $602,089.50 for the period November 1, 2011

through November 30, 2011.  On November 29, 2012, the Debtors filed a Certificate of No

Objection with respect to the Fourth Monthly Application [Docket No. 941].

13.     On December 7, 2012, G&M filed the Fifth Monthly Application for Allowance

of Compensation and for Reimbursement of Actual and Necessary Expenses (the "*Fifth Monthly

Application*") requesting a total of $428,228.50 for the period December 1, 2011 through

December 31, 2011.  On December 27, 2012, the Debtors filed a Certificate of No Objection with respect to the Fifth Monthly Application [Docket No. 987].

14.     On January 4, 2013, G&M filed the Sixth Monthly Application for Allowance of Compensation and for Reimbursement of Actual and Necessary Expenses (the "*Sixth Monthly Application*") requesting a total of $337,392.80 for the period January 1, 2012 through January 31, 2012.  On January 25, 2013, the Debtors filed a Certificate of No Objection with respect to the Sixth Monthly Application [Docket No. 1049].

15.     On January 7, 2013, G&M filed the Second Interim Application for Allowance of Compensation and for Reimbursement of Actual and Necessary Expenses (the "*Second Interim Application*") requesting a total of $272,969.40 in unapproved holdback for the period November 1, 2012 through January 31, 2012.  On March 6, 2013, the Court granted the Second Interim Application in the amount of $1,285,791.50 [Docket No. 1283].

16.     On January 15, 2013 G&M filed the Seventh Monthly Application for Allowance of Compensation and for Reimbursement of Actual and Necessary Expenses (the "*Seventh Monthly Application*") requesting a total of $254,144.00 for the period February 1, 2012 through February 16, 2012.

### GOLDSTEIN & MCCLINTOCK'S RETENTION

17.     The Debtors selected G&M as lead counsel because of the Firm's experience and knowledge in the fields of corporate restructuring, bankruptcy, insolvency, and creditors' rights. G&M's team has extensive experience representing all constituencies – including debtors, creditors' committees, secured and unsecured creditors, and may other parties – in high-profile corporate restructuring cases across the nation.  G&M is well versed in providing legal services to financially troubled entities and their stakeholders including debtors in possession, creditors and trustees.  G&M was well qualified to represent the debtors-in-possession in these cases.

18.    Pursuant to an Order of the Delaware Court entered on September 26, 2011, the Debtors were authorized to retain and employ G&M as lead counsel pursuant to Bankruptcy Code Sections 327(a) and 1107(b), Fed. R. Bankr. P. 2014 and 2016 and Del. Bankr. L.R. 2014-1 and 2016-1, under the terms and conditions set forth in the Debtors' application to retain and employ G&M and affidavit of Matthew E. McClintock, effective *nunc pro tunc* to the commencement of the representation of the Debtors in bankruptcy.

19.    All services performed by G&M fall within the description of services G&M agreed to provide to the Debtors and are within the scope of services described in the Debtors' application to retain and employ G&M as lead counsel for the Debtors.

## IDENTITY OF PROFESSIONALS

20.    The attorneys and paraprofessionals of G&M who have rendered professional services in these cases during the Final Application Period and for whom compensation is being sought for the Final Application Period are as follows: Harley J. Goldstein, Erwin I. Katz, Clinton W. Francis, Matthew E. McClintock, David A. Hall, Scott Kitei, Craig A. Sloane, Lauren L. Tobiason, Amrit S. Kapai, Zoran Balac, Teresa Gomez, Roger Gousse, and Jessica Riddle.  A chart containing each professional's name and position, the approximate hours worked, and the total compensation sought for each person's work during the Final Application Period is set forth below, while a chart containing the total compensation sought for each person's work during the Interim Application Period is attached as Exhibit B.

| Name of Professional Person | Position of Applicant | Year of Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Erwin I. Katz | Of Counsel | 1962 | $700.00 | 18.7 | $13,090.00 |
| | | | $725.00 | 35.1 | $25,447.50 |
| Harley J. Goldstein | Partner | 1998 | $645.00 | 944.6 | $609,267.00 |
| | | | $695.00 | 794.1 | $551,899.50 |
| Clinton W. Francis [3] | Of Counsel | N/A | $645.00 | 166.1 | $107,134.50 |
| | | | $695.00 | 123.4 | $85,763.00 |
| Matthew E. McClintock | Partner | 2003 | $415.00 | 805.9 | $334,448.50 |
| | | | $435.00 | 416.5 | $181,177.50 |
| David A. Hall | Partner | 2003 | $415.00 | 833.9 | $346,068.50 |
| | | | $435.00 | 624.5 | $271,657.50 |
| Scott Kitei | Of Counsel | 2004 | $400.00 | 384.9 | $153,960.00 |
| Craig A. Sloane | Of Counsel | 1998 | $350.00 | 14.2 | $4,970.00 |
| Lauren L. Tobiason | Associate | 2008 | $275.00 | 644.50 | $177,237.50 |
| | | | $290.00 | 422.4 | $122,496.00 |
| Amrit S. Kapai | Associate | 2011 | $200.00 | 117.2 | $23,440.00 |
| | | | $225.00 | 444.1 | $99,922.50 |
| | | | $240.00 | 591.5 | $141,960.00 |
| Zoran Balac | Associate | 2011 | $225.00 | 69.9 | $15,727.50 |
| | | | $240.00 | 66.4 | $15,936.00 |
| Teresa Gomez | Paralegal | N/A | $225.00 | 160.7 | $36,157.50 |
| Roger Gousse | Law Clerk | N/A | $175.00 | 40.5 | $7,087.50 |
| Jessica Riddle | Project Assistant | N/A | $105.00 | 45.1 | $4,735.50 |
| | | | $125.00 | 15.9 | $1,987.50 |
| | | | | | |
| **TOTAL** | | | | **7,780.1** | **$3,331,571.00** |
| | | | | | |
| **Blended Rate:** | | | | | **$428.22** |
| **TOTAL REQUESTED (LESS REDUCTIONS FROM SECOND INTERIM FEE APPLICATION)** | | | | | **$3,252,516.00** |

---

[3]      Professor Clinton Francis is a tenured member of the Northwestern University School of Law faculty where he has taught since 1978.  Mr. Francis received his LL.M from Victoria University of Wellington, New Zealand, and received his Scientiae Juridicae Doctor (S.J.D.) from the University of Virginia Law School.

**SUMMARY OF SERVICES BY PROJECT FOR FINAL APPLICATION PERIOD**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| 00001-Case Administration | 994.6 | $444,578.50 |
| 00002-Schedules and Reports | 540.6 | $17,370.50 |
| 00003-Executory Contracts | 58.7 | $52,539.50 |
| 00004-G&M Retention and Fee Application | 161.9 | $3,310.50 |
| 00006-Cash Management | 11.8 | $12,970.00 |
| 00007-Employee Issues | 30 | $106,625.50 |
| 00008-Other Professionals Retention | 327 | $363,391.00 |
| 00009-Cash Collateral/Secured Lenders | 778.2 | $67,026.50 |
| 00010-Creditor Inquiries | 119.2 | $228,962.50 |
| 00011-Customers, Vendors, and Operations | 549.1 | $958,560.50 |
| 00012-Litigation and Avoidance Actions | 2,116.5 | $607,565.00 |
| 00013-Plan and Disclosure Statement | 1,301.8 | $113,256.00 |
| 00014-Asset Sales | 269.9 | $102,651.50 |
| 00015-Corporate Governance | 227.4 | $176,649.00 |
| 00016-Claims | 293.4 | $76,114.50 |
| TOTAL | 7,780.1 | $3,331,571.00 |
| TOTAL (LESS REDUCTIONS FROM SECOND INTERIM FEE APPLICATION) | | **$3,252,516.00** |

21.    The services rendered by G&M during the Final Application Period can be grouped into the categories set forth above, while a chart containing the summary of services by project for the Interim Application Period is attached as <u>Exhibit C</u>.  Detailed descriptions of the services rendered by project category are annexed to the First, Second, Third, Fourth, Fifth, Sixth and Seventh Monthly Fee Applications filed by G&M.

22.    The professional services for which compensation is requested in this Final Application were reasonable and necessary for the administration of these cases and were beneficial to the Debtors and the Debtors' estates at the time such services were provided.  All services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.  G&M has endeavored at all

times to assign attorney to tasks commensurate with their level of level of experience and to

avoid the unnecessary duplication of services by attorneys and/or paraprofessionals.[4]

A.      Case Administration

        Fees: $444,578.50                Total Hours: 994.6

G&M spent 994.6 hours at a cost of $444,578.50 on general case administration matters.

This category primarily includes time spent performing necessary case administration tasks

(including maintaining and updating dockets, calendars, and correspondence files, and retrieving

necessary documents), reviewing incoming pleadings, correspondence, and notices, and

corresponding with parties in interest concerning general case matters.  This category may also

include matters which encompass more than one other discrete category, or do not fit neatly into

another category.

B.      Schedules and Reports

        Fees: $161,596.00                Total Hours: 540.6

G&M spent 540.6 hours at a cost of $161.596.00 working on revising the Debtors'

schedules and statements of financial affairs.  This time category includes, among other things,

gathering and analyzing financial and operating information contained in the Debtors' books and

records and preparing revised schedules and statements.

C.      Executory Contracts

        Fees: $22,753.00                Total Hours: 58.7

---

[4]      At times, attorneys and paralegals in the firm confer with one another for the purposes of: (i) discussing the nuances of the case that involve a specific area of the law; (ii) discussing strategy; (iii) explaining and/or delegating assignments; and/or (iv) discussing the results of research.  Periodically, more than one attorney or paralegal will participate in or attend a court hearing, meeting, or telephone conference.  In such cases, it is the regular practice of G&M for all attorneys and paralegals involved in the hearing, meeting, or telephone to enter time for such activity, except when the attendance of a professional or paraprofessional is effected purely for educational purposes.  G&M believes that the combined efforts of multiple attorneys and paralegals in such cases are not an unnecessary duplication of services.  Drawing on the strengths and resources of the firm's attorney in such fashion also ensures that the client is properly and vigorously represented.

G&M spent 58.7 hours at a cost of $22,753.00 on matters associated with the Debtors' executory contracts and unexpired leases.

D.      G&M Retention and Fee Application

Fees: $46,040.50                          Total Hours: 133.1

G&M spent 133.1 hours at a cost of $46,040.50 on G&M retention and fee application issues.  This category primarily includes time spent on G&M's fee applications, including reviewing and preparing the exhibits to the G&M's fee applications to ensure compliance with detail requirements and protection of privilege, drafting G&M's fee applications, and preparing for and attending hearings thereon.

E.      Cash Management

Fees: $12,161.00                          Total Hours: 11.8

G&M spent 11.8 hours at a cost of $12,161.00 on matters associated with the Debtor's cash management system.

F.      Employee Issues

Fees: $25,222.50                          Total Hours: 11.8

G&M spent 11.8 hours at a cost of $25,222.50 addressing and resolving issues relating to current and former employees.

G.      Other Professional Retention

Fees: $193,495.00                         Total Hours: 246

G&M spent 246 hours at a cost of $193,495.00 on issues relating to the retention and compensation of other professionals.  This category includes time spent working on fee applications and invoices of the Debtors' other professionals (as well as the Debtors' ordinary

course professionals), discussing and negotiating the terms of retention for such professionals, attending hearings, and addressing associated cash collateral budgeting issues.

H.    Cash Collateral/Secured Lenders

    Fees:   $300,908.00           Total Hours: 556.7

   G&M spent 556.7 hours at a cost of $300,908.00 on cash collateral and secured lender issues.   This matter primarily includes time spent negotiating the terms of continued cash collateral use with the Debtors' numerous secured lenders, drafting cash collateral motions and proposed orders (and addressing objections), preparing for and attending hearings on cash collateral and secured lender related issues, and analyzing loan documents and budget issues. This matter also includes time spent formulating strategy and addressing issues with respect to exit financing and discussions with potential exit lenders.

I.    Creditor Inquiries

    Fees: $139,455.00           Total Hours: 44.3

   G&M spent 44.3 hours at a cost of $139,455.00 responding to inquiries from creditors and the creditors' committee.

J.    Customers, Vendors, and Operations

    Fees:   $329,118.50           Total Hours: 269.4

   G&M spent 269.4 hours at a cost of $329,118.50 addressing operational, customer, and vendor issues, including employee wage and benefit issues, utility issues, vendor payable issues, and other operational matters.

K.    Litigation and Avoidance Actions

    Fees: $848,766.50           Total Hours: 1,685.3

G&M spent 1,685.3 hours at a cost of $848,766.50 on litigation issues.  This category includes time spent on issues relating to the automatic, researching and working on developing litigation strategies to resolve claims against the Debtors, and expedite the  Debtors' emergence from bankruptcy, and addressing other litigation related issues.

L.     Plan and Disclosure Statement

       Fees: $609,038.50                  Total Hours: 1,041.2

G&M spent 1,041.2 hours at a cost of $609,038.50 working on Debtors' exit strategy and plan of reorganization, including corresponding with parties in interest regarding plan formulation and overall strategy, working with the Debtors' financial advisors, discussing proposed exit strategies with major constituencies in the case, and conferring with the chief restructuring officer regarding plan and related negotiations.  This category also includes time spent drafting, revising, researching, and finalizing the Debtors' plan of reorganization and disclosure statement, and working with the Debtors and their professionals regarding same.

M.     Asset Sales

G&M spent 269.9 hours at a cost of $102,651.00 working on asset sales issues.  This category includes time spent addressing and researching issues related to the potential sale of the Debtors' assets, including, without limitation, addressing and responding to inquiries from potential purchasers.

N.     Claims

       Fees: $76,114.50                  Total Hours: 293.4

G&M spent 293.4 hours at a cost of $76,114.50 working on claim-related issues.  This category primarily consists of time spent reviewing and reconciling proofs of claim filed in the

Debtors' bankruptcy cases, classifying claims by case, identifying grounds for objections, and

pursuing claims objections where appropriate.

### REQUEST FOR APPROVAL OF COMPENSATION FOR CERTAIN SERVICES RENDERED AFTER THE APPOINTMENT OF THE CHAPTER 11 TRUSTEE

21.     G&M also seeks interim and final approval of compensation for certain services

rendered and expenses incurred during the Post-Appointment Period (from May 10, 2012

through the date of this Application).[5]  A chart setting forth the amounts requested by timekeeper

for the Post-Appointment Period is attached hereto as <u>Exhibit D</u>.  A discussed below, such

services are compensable to the extent that they (1) represent reasonable time spent in connection

with the preparation and prosecution of G&M's fee applications in these cases or (2) were

provided at the Chapter 11 Trustee's request or otherwise for the benefit of the Debtors' estates.

22.     First, G&M seeks interim and final approval of $174,808.00 in fees incurred in

connection with the preparation and prosecution of this and prior fee applications, as reflected in

the invoice attached hereto as <u>Exhibit E</u>.  Courts in this District have consistently held that time

spent on fee applications is compensable, particularly when such fees represent less than 5% of

the total fees sought.  *See In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (in

non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-

5% of the hours of the main case); *see also In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr.

N.D. Ill. 1996) (compensation limited to 5%), *cited in In re Duraco Prods. Inc.*, 09 B 31353

(Bankr. N.D. Ill. Jan. 27, 2010) (Wedoff, J.).  This limitation is only a guide and may be

expanded when there are "unusual circumstances."  *See Pettibone*, 74 B.R. at 304.

---

[5]     The only post-effective date amounts requested herein relate to G&M's fee applications in this case.  For other post-effective date fees and expenses, G&M reserves the right to request payment of such fees as contemplated in the Plan.

23.     Here, G&M's fee application time amounts to around six percent of the total fees requested on a final basis herein.   However, G&M respectfully submits that this amount is reasonable in light of the complexity of this case and the fact that the circumstances of G&M's fee applications in this case have been far from "usual" – G&M has had to overcome multiple objections.

24.     Second, G&M seeks $89,961.50 in fees and $5,096.19 in expenses in connection with services G&M rendered during the Post-Appointment Period in order to assist the Chapter 11 Trustee in carrying out his duties or to otherwise benefit the estate as shown in the invoice attached as <u>Group Exhibit F</u>.   As reflected in <u>Group Exhibit F</u>, these services included, among others: (a) responding to creditor inquiries; (b) responding to inquiries from the trustee and his counsel; (c) apprising the trustee and his counsel of causes of action and other issues; and (d) producing documents and other materials requested by the trustee to assist him in carrying out his duties.

25.     Courts in this district and elsewhere have held that services rendered by a debtor's counsel after the appointment of a chapter 11 trustee may be compensated by the estate when they are consistent the debtor's duties set forth in section 521 of the Bankruptcy Code; they are not duplicative of the trustee's duties under section 1106; and they do not impede the administration of the estate.   *In re Spanjer Bros.*, 191 B.R. 759 (Bankr. N.D. Ill. 1996) (adopting a "benefit analysis" approach); *see also In re Stoecker*, 114 B.R. 965, 970, 974 (Bankr. N.D. Ill. 1990) *Friedman v. Melp, Ltd. (In re Melp)*, 179 B.R. 636, 640-41 (E.D. Mo. 1995); *In re Pine Valley Mach., Inc.*, 172 B.R. 481, 488 (Bankr. D. Mass. 1994); *In re Swansea Consolidated Resources, Inc.*, 155 B.R. 28, 37 (Bankr. D.R.I. 1993), *In re Sugarman*, 137 B.R. 391, 392-93 (Bankr. S.D. Cal. 1992).

26.     The fact that most of the services performed by G&M were specifically requested by the Chapter 11 Trustee clearly demonstrates the requisite benefit to the estates required for compensation. Other services – such as routing and addressing ongoing creditor inquiries or ensuring a smooth transition of the cases – speak for themselves.

### RELIEF REQUESTED

27.     This is G&M's third interim and final fee application for allowance and payment of compensation and reimbursement of expenses and is filed in accordance with section 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, Rule 5082-1 of the Local Rules, and the U.S. Trustee Guidelines. This Application seeks an allowance for compensation in the amount of $3,252,516.00 and expense reimbursement of $29,211.06 for the Final Application Period. During the Final Application Period, the Applicant expended 7,780.1 hours on behalf of the Debtors' estates resulting in a blended rate for the Final Fee Application Period of $428.22 per hour. In addition, this Application seeks an allowance for compensation in the amount of $264,769.50 and expense reimbursement of $5,096.19 for the Post-Appointment Period. During the Post-Appointment Period, the Applicant expended 612.2 hours on behalf of the Debtors' estates, resulting in a blended rate for the Post-Appointment Period of $432.49.

28.     This Application also seeks an allowance for compensation in the amount of $1,260,947.00 and expense reimbursement of $19,371.27 during the Interim Application Period.

29.     All of the foregoing services were of the utmost necessity and were of great benefit to both the Debtors' creditors and to the Debtors. The full scope of the professional services rendered by the Applicant during the Interim Application Period is detailed later in this Application and in the Applicant's time records, which are included in the invoice that is attached hereto as Exhibit F. Exhibit F is prepared from the Applicant's contemporaneous time records and describes the professional services rendered, the date the services were performed,

the person performing the service, the amount of time incurred and G&M's charge for the services rendered.  Such time records are prepared by the professionals who have rendered the services.  <u>Exhibit F</u> also categorizes the professional fees by task performed and subject work area.

30.     The professional services which are the subject of this Application were rendered by the Applicant in connection with providing services to the Debtors and for the benefit of the Debtors' estates and not for any other entity.

31.     Applicant has no agreement or understanding for a division of fees between Applicant and any other party or parties involved in this matter which would violate section 504 of the Bankruptcy Code.

32.     Given the nature and value of the services that G&M provided as described herein, the amounts sought under this Application are fair and reasonable under section 330 of the Bankruptcy Code.

33.     G&M reserves the right to correct, amend, or supplement this Application.

**BASIS FOR REQUEST FOR ALLOWANCE OF<br>COMPENSATION AND REIMBURSEMENT OF EXPENSES**

34.     All services for which compensation is requested by Applicant were performed within the scope of Applicant's duties as lead counsel to the Debtors.

35.     Neither Applicant nor any of its professionals or other employees has acquired or transferred any claims against or securities of the Debtors subsequent to the commencement of this case.

36.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given:  (a) the complexity of these cases; (b) the time expended; (c) the nature and extent of the

services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

## **BILLING DISCRETION**

37.    G&M further submits that not only are all of the fees and expenses sought herein reasonable in light of the scope and complexity of its work representing the Debtors, but such fees and expenses actually represent significantly less than all of the time expended and costs incurred by G&M and its personnel throughout these Chapter 11 Cases.  For example, throughout its representation of the Debtors, G&M consistently and consciously made every reasonable effort to represent the Debtors in the most economical, efficient, and practical manner as possible.  To that end, G&M routinely exercised discretion in its billing, choosing, for example, not to seek certain fees and expenses that could be potentially viewed as duplicative and not billing vast swaths of time spent on document production and other matters in the Post-Appointment Period (although some of this time is reflected in Exhibit E, this is only the portion of the time that G&M tracked – most was not).

38.    Second, prior to the appointment of G&M as the Debtors' counsel, the Debtors were represented by K&L Gates LLP, and Harley J. Goldstein and Matthew E. McClintock – then at K&L Gates – spent a tremendous about of non-compensated time representing the Debtors (upon information and belief, K&L professionals, primarily Mr. Goldstein and Mr. McClintock, provided over $200,000.00 in services that were never charged).  G&M is not seeking a fee enhancement or otherwise seeking compensation for this work.

39.    Third, due to the contentious litigation that unfortunately beleaguered these Chapter 11 Cases in late 2011 and early 2012, on several occasions G&M had members the firm's litigation group prepare for and attend hearings (including in Delaware), evaluate

arguments and objections, and otherwise provide legal services.  In an exercise of G&M's billing

discretion, however, G&M did not previously seek and is not now seeking compensation for

such services (since other G&M professionals attended the same hearings, and the litigators were

present out of an abundance of caution and to protect the Debtors' estates).

40.    Finally, G&M's application for reimbursement of expenses represents only a

small fraction of the very substantial costs the G&M has incurred throughout its representation of

the Debtors.  For example, legal research (Westlaw) was not billed for many months, and

photocopies, faxes, and long-distance calls have either not been billed at all or at a fraction of

actual usage.

41.    The undersigned has reviewed the requirements of Local Rule 5082-1 and

certifies to the best of his information, knowledge and belief that this Application complies with

that Rule.

WHEREFORE, G&M respectfully requests that it be granted a final allowance of fees in

the amount of $3,517,285.50 for professional services rendered to and on behalf of the Debtors

during the Final Application Period and Post-Appointment Period, plus reimbursement of its

actual, reasonable, and necessary expenses incurred in connection with the services rendered

during the Final Application Period and Post-Appointment Period in the sum of $34,307.25; and

that it be granted such other and further relief as the Court may deem just and proper.

Date: July 2, 2013                              Goldstein & McClintock LLLP

                                                By:  */s/ Matthew E. McClintock*
                                                     One of Its Attorneys

                                                GOLDSTEIN & MCCLINTOCK LLLP
                                                Harley J. Goldstein, Esq.
                                                Matthew E. McClintock, Esq.
                                                208 S. LaSalle Street, Suite 1750
                                                Chicago, Illinois 60604
                                                Telephone:  (312) 337-7700
                                                Facsimile:  (312) 277-2305