**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| QUALTEQ, INC., ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Hearing Date:** September 15, 2015 at 10:00 a.m. (prevailing Central Time) |
| ) | |
| ) | |

**NOTICE OF THE LIQUIDATOR'S MOTION
FOR ENTRY OF AN ORDER (A) GRANTING A FINAL
DECREE CLOSING THE DEBTORS' REMAINING CHAPTER 11 CASES,
(B) AUTHORIZING DISTRIBUTIONS ON ACCOUNT OF CERTAIN EQUITY
INTERESTS, AND (C) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on September 15, 2015, at 9:30 a.m. (prevailing Central Time) or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in Courtroom 744 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the *Liquidator's Motion for Entry of an Order (A) Granting a Final Decree Closing the Debtors' Remaining Chapter 11 Cases, (B) Authorizing Distributions on Account of Certain Equity Interests, and (C) Granting Related Relief* (the "Motion"), at which time and place you may appear if you so desire.

**PLEASE TAKE FURTHER NOTICE** that, you may obtain a copy of the Motion, free of charge, and additional information concerning the above-captioned chapter 11 cases, at the website maintained in these chapter 11 cases at http://www.phaseeleven.com/qualteq/

**PLEASE TAKE FURTHER NOTICE** that, if you do not respond to the Motion at or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Creative Automation Company (4350); (h) Fulfillment Xcellence, Inc. (3461); (i) Global Card Services, Inc. (4581); (j) Unique Data Services, Inc. (1068); (k) Unique Embossing Services, Inc. (1043); (l) Unique Mailing Services, Inc. (2594); (m) Versatile Card Technology, Inc. (5258); (n) Veluchamy LLC (3434); and (o) Vmark, Inc. (5904).

1

before the Court's hearing, the Court may grant the relief requested by the Motion without further notice.

Dated:  August 31, 2015 Respectfully Submitted,

*/s/ Ryan Preston Dahl*
James H.M. Sprayregen, P.C. (IL Bar No. 6190206)
David L. Eaton (IL Bar No. 3122303)
Ryan Preston Dahl (IL Bar No. 6292645)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel to the Liquidator*

KE 37576516

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUALTEQ, INC., | ) | Case No. 12-05861 (ERW) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date: September 15, 2015 at |
| | ) | 10:00 a.m. (prevailing Central Time) |

**LIQUIDATOR'S MOTION
FOR ENTRY OF AN ORDER (A) GRANTING A FINAL
DECREE CLOSING THE DEBTORS' REMAINING CHAPTER 11 CASES,
(B) AUTHORIZING DISTRIBUTIONS ON ACCOUNT OF CERTAIN EQUITY
INTERESTS, AND (C) GRANTING RELATED RELIEF**

Development Specialists, Inc., solely in its capacity as the liquidator (the "Liquidator") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), files this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) granting a final decree closing the remaining Debtors' chapter 11 cases, as set forth on **Exhibit 1** to **Exhibit A** hereto (collectively, the "Chapter 11 Cases"); (b) authorizing distributions on account of certain equity interests; and (c) granting related relief. In support of this Motion, the Liquidator respectfully states as follows:[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (b) 1400 Centre Circle, LLC (7091); (c) 5200 Thatcher, LLC (6991); (d) 5300 Katrine, LLC (6016); (e) Anar Real Estate, LLC (9267); (f) Automated Presort, Inc. (0850); (g) Creative Automation Company (4350); (h) Fulfillment Xcellence, Inc. (3461); (i) Global Card Services, Inc. (4581); (j) Unique Data Services, Inc. (1068); (k) Unique Embossing Services, Inc. (1043); (l) Unique Mailing Services, Inc. (2594); (m) Versatile Card Technology, Inc. (5258); (n) Veluchamy LLC (3434); and (o) Vmark, Inc. (5904).

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the *Chapter 11 Trustee's First Amended Joint Plan of Liquidation for Qualteq, Inc., d/b/a VCT New Jersey, and Certain of Its Affiliated Chapter 11 Debtors Pursuant to Chapter 11 of the*

1

KE 37576516

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

**Background**

A.   **Chapter 11 Cases**

4. On August 14, 2011, each of the Debtors except for Anar Real Estate, LLC ("Anar") filed their petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). On September 11, 2011, Anar filed its petition for relief with the Delaware Bankruptcy Court. On February 16, 2012, the Delaware Bankruptcy Court transferred venue to this Court.

5. On April 5, 2012, Bank of America, N.A. filed the *Motion to Appoint a Chapter 11 Trustee* [Docket No. 202], and on May 2, 2012, the Court entered the *Order Granting Motion for Appointment of a Chapter 11 Trustee* [Docket No. 334]. On May 9, 2012, the U.S. Trustee filed an application to appoint Fred C. Caruso as chapter 11 trustee in the Debtors' chapter 11 cases, and on May 10, 2012, the Court entered an order approving Fred C. Caruso's appointment

---

*Bankruptcy Code (With Technical Amendments)* (Docket No. 1530) (the "Plan").

as the Trustee [Docket No. 351], thereby taking the Debtors and their assets out of possession and placing their assets and businesses under the Trustee's control.

6. On April 23, 2013, the Court entered an order (the "Confirmation Order") [Docket No. 1555] confirming the Plan for each Debtor.[3] The effective date of the Plan occurred on May 3, 2013 (the "Plan Effective Date"). On the Plan Effective Date, in accordance with the Plan, the Liquidator was appointed under the terms of that certain *Liquidator Agreement* [Docket No. 1524] to effectuate the wind down, dissolution, and liquidation of the Debtors' estates.[4]

7. The pending chapter 11 cases consist of the 15 jointly administered chapter 11 cases for: (a) Qualteq, Inc., d/b/a VCT New Jersey, Inc.; (b) 1400 Centre Circle, LLC; (c) 5200 Thatcher, LLC; (d) 5300 Katrine, LLC; (e) Anar Real Estate, LLC; (f) Automated Presort, Inc.; (g) Creative Automation Company; (h) Fulfillment Xcellence, Inc.; (i) Global Card Services, Inc.; (j) Unique Data Services, Inc.; (k) Unique Embossing Services, Inc.; (l) Unique Mailing Services, Inc.; (m) Versatile Card Technology, Inc.; (n) Veluchamy LLC; and (o) Vmark, Inc.

**B.    Status of Distributions**

8. In accordance with Local Rule 3022-1, the status of distributions made to date with respect to each Debtor is summarized below:

---

[3] On September 23, 2014, the Court entered the *Order Dismissing Creative's Chapter 11 Case* [Docket No. 8], Case No. 12-05882, dismissing the chapter 11 case of Creative Investments, a General Partnership (Case No. 12-5882), formerly one of the Debtors. On December 29, 2014, the Court entered the *Order Granting a Final Decree Closing the Chapter 11 Case of Avadamma LLC* [Docket No. 2230], closing the chapter 11 case of Avadamma LLC (Case No. 12-5879), formerly one of the Debtors.

[4] Pursuant to Section 8(a) of the Liquidator Agreement, the Liquidator's appointment will terminate automatically upon the closing of these Chapter 11 Cases as provided herein and the dissolution of each Debtor.

3

| Class | Treatment Summary[5] | Status |
|---|---|---|
| Mortgage Claims (LandCo Debtor)[6] | Payment from sale proceeds | Complete (paid in full) |
| Lender Deficiency Claims (LandCo Debtors) | N/A | N/A |
| Other Secured Claims (All Debtors) | Unimpaired; payment in full in cash or such other treatment rendering such holder unimpaired | Complete (paid in full) |
| Other Priority Claims (All Debtors) | Unimpaired; Payment in full in cash | Complete (paid in full) |
| General Unsecured Claims (All Debtors) | Payment in cash after secured and priority claims have been paid in full | Complete (paid in full) |
| Equity Interests | Distribution of cash proceeds available after secured, priority, and unsecured claims have been paid in full | • First distribution: $5,115,375<br>• Second distribution: $60,503 |

**C.    The Fraudulent Transfer Proceeding (Chapter 7 Case)**

9.    On June 19, 2012, this Court, in the chapter 7 cases of Pethinaidu and Parameswari Veluchamy, captioned In re Veluchamy, Case No. 11-33413 (Bankr. N.D. Ill) (the "Chapter 7 Case"), granted derivative standing to Bank of America, N.A., not individually but derivatively on behalf of the estate in the Chapter 7 Case (in such capacity, the "Estate Representative") to pursue avoidance and fraudulent transfer claims for the benefit of that chapter 7 estate related to, among other things, the fraudulent transfer to Arun Veluchamy and Anu Veluchamy of equity interests in certain of the Debtors.

---

[5]    The treatment summary set forth herein is presented for illustrative purposes only and qualified in its entirety by reference to the Plan. As noted above, the chapter 11 cases of Avadamma, LLC and Creative Investments were previously closed and dismissed, respectively, and are therefore excluded from this summary.

[6]    As defined in the Plan, the "LandCo Debtors" are, in relevant part, 1400 Centre Circle, LLC, 5300 Katrine, LLC, and 5200 Thatcher, LLC.

4

10. On November 8, 2012, the Estate Representative commenced an adversary proceeding, captioned Bank of America, N.A. vs. Arun Veluchamy, et al., Case No. 12-1715 (Bankr. N.D. Ill.), against Arun Veluchamy and Anu Veluchamy, among others to avoid and recover such fraudulent transfers (the "Fraudulent Transfer Adversary Proceeding"). On December 18, 2014 (as corrected), the Court entered its *Memorandum Opinion, Findings of Fact and Conclusions of Law* finding in favor of the Estate Representative and against Arun and Anu Veluchamy on variety of the counts, including those related to the fraudulent transfer of their equity interests with respect to certain of the Debtors in these chapter 11 cases, including Vmark, Inc., Veluchamy LLC, and Unique Mailing Services, Inc. On January 20, 2015, the Court entered an amended order of judgment (the "Amendment Judgment Order") in favor of the Estate Representative against Arun Veluchamy in the amount of approximately $25.1 million and against Anu Veluchamy in the amount of approximately $26.5 million.

11. The Amended Judgment Order did not constitute a final order on all claims asserted in the Fraudulent Transfer Adversary Proceeding. With respect to certain claims, the Court's findings and determinations constituted proposed findings of fact and conclusions of law subject to further review by the United States District Court for the Northern District of Illinois (the "District Court"). The Estate Representative, Arun Veluchamy and Anu Veluchamy each objected to certain of these proposed findings and conclusions. By *Memorandum Opinion and Order* dated August 18, 2015, the District Court overruled the parties' objections and adopted the findings and conclusions proposed by this Court. The time within which to appeal that ruling remains open.

12. With respect to those portions of the Amended Judgement Order that constituted a final judgment by the Bankruptcy Court, on January 27, 2015, Arun and Anu Veluchamy filed

timely notices of appeal, seeking appellate review by the District Court. On August 19, 2015, the District Court affirmed the Amended Judgment Order in part, modifying the amounts awarded to the Estate Representative and directing the Bankruptcy Court to enter a judgment order consistent therewith. The time for further appeal of that ruling remains open.

### C. Remaining Matters; Remaining Equity Distributions

13. As summarized above, the Liquidator has completed all distributions with respect to allowed claims against these Chapter 11 Estates in accordance with the Plan, and no motions, contested matters, adversary proceedings, or claims remain unresolved in these Chapter 11 Cases. The only distributions remaining to be made are those distributions to be made on account of equity interests in certain of the Debtors. In accordance with the Plan, the Liquidator previously distributed a total of $5,115,375 to the Chapter 7 estate in a partial distribution on account of equity interests nominally held by Mrs. Parameswari Veluchamy in the Debtors, followed by a second distribution of $60,503 to the Chapter 7 estate on account of such interests.[7]

14. Pursuant to the Plan, the Liquidator has made no distributions on account of equity interests held of record by Arun Veluchamy or Anu Veluchamy. Specifically, Article VI.C.3 of the Plan provides:

> For any Interest other than an Interest held by Pethinaidu Veluchamy or Parameswari Veluchamy, the Trustee or the Liquidator, as applicable, shall not make any distribution on account of such Interest until the earliest of: (a) as applicable, the Trustee's or the Liquidator's receipt of joint written instructions from Bank of America, N.A., not individually but derivatively on behalf of the estate of Pethinaidu and Parameswari Veluchamy in the jointly administered cases

---

[7] Article VI.C.3 of the Plan provides: "The Chapter 7 Trustee shall be deemed the Holder of any Interest held by Pethinaidu Veluchamy or Parameswari Veluchamy, and, as applicable, the Trustee's or the Liquidator's obligations to provide distributions on account of such Interests, if any, shall be deemed satisfied upon delivery of such distributions to the Chapter 7 Trustee."

    captioned In re Veluchamy, Case No. 11-33413 (Bankr. N.D. Ill.), and the purported Interest Holder at issue; (b) entry of a Final Order of the Bankruptcy Court or any other court exercising jurisdiction over the adversary proceeding captioned Bank of America, N.A. v. Veluchamy, Adv. Proc. No. 12-01715 (Bankr. N.D. Ill.), pending in the jointly administered cases captioned In re Veluchamy, Case No. 11-33413 (Bankr. N.D. Ill.), determining ownership of such Interest; or (c) entry of a Final Order of the Bankruptcy Court determining the Entity to whom distributions on account of such Interests should be made (including a Final Order entered pursuant to an interpleader action initiated by the Trustee or the Liquidator, if any).

In accordance with Article VI.C.3, the Liquidator is presently holding approximately $11,088,203 in cash attributable to the equity interests of record of Arun Veluchamy ($5,043,786), Anu Veluchamy ($5,043,786), and Mrs. Parameswari Veluchamy ($1,000,631) (collectively, the "Existing Equity Proceeds"), net of a reserve totaling approximately $232,125 taken by the Liquidator to complete the wind down and dissolution contemplated by the Plan and pay associated fees.

    15.    By this Motion, and in conjunction with the final disposition of these Chapter 11 Cases, the Liquidator seeks authorization to cause Existing Equity Proceeds, including proceeds relating to the equity interests of record held by Arun Veluchamy and Anu Veluchamy, and any assets or proceeds subsequently collected and/or received by these Chapter 11 estates or the Liquidator after the date hereof, to be distributed to the Chapter 7 Trustee in accordance with Article VI.C.3 of the Plan. However, those distributions would be provisional as between the Chapter 7 estate, on the one hand, and Anu and Arun, on the other hand, pending the Amended Judgment Order's becoming final and nonappealable. The distributions would be made by the Liquidator on a final basis but, solely as between the Chapter 7 estate, on the one hand, and Anu and Arun Veluchamy, on the other hand, would be subject to disgorgement solely to the extent that the entire respective liability of Arun and/or Anu to the Chapter 7 estate in connection with the Amended Judgment Order were finally determined to be less than the amount distributed to

7

the Chapter 7 estate by the Liquidator on account of their respective asserted interests in the Chapter 11 debtors.

16. The Liquidator has further conferred with counsel to each of Anu Veluchamy, Arun Veluchamy and the Estate Representative who have confirmed their consent to the relief requested by this Motion.[8]

### Basis for Relief

**A.   The Cases Are Fully Administered and May be Closed**

17. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

18. The term "fully administered" is not defined in the Bankruptcy Code or Bankruptcy Rules.  The 1991 Advisory Committee Notes to Bankruptcy Rule 3022 (the "Advisory Notes") set forth certain factors that should be considered when evaluating whether a case has been fully administered.  These factors are:

> a.   whether the order confirming the plan has become final;
>
> b.   whether deposits required by the plan have been distributed;
>
> c.   whether the property proposed by the plan to be transferred has been transferred;

---

[8] Counsel to Anu Veluchamy and Arun Veluchamy has further advised the Liquidator that each of Anu Veluchamy and Arun Veluchamy have each waived the 60 day investigation period contemplated by Section 5 of that certain *Settlement Agreement* approved by the Court on August 11, 2015 [Docket No. 2255], with such investigation period being deemed to have expired without any claim or cause of action being asserted.

8

KE 37576516

      d.      whether the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

      e.      whether payments under the plan have commenced; and

      f.      whether all motions, contested matters, and adversary proceedings have been finally resolved.

See, e.g., In re McClelland 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007) (noting that the Advisory Notes "list a number of factors for the Court to consider before entering a final decree); In re Mold Makers. Inc., 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990) ("The Court finds the [Advisory Notes] to the new rule illuminative and essentially adopts its language. Noteworthy, however, is that all of the factors in the [Advisory Notes] need not be present before the Court will enter a final decree"). Importantly, the Advisory Notes observe that "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed." See also In re Johnson, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009) ("Although the debtor has not completed plan payments, that does not prevent a case from being fully administered."); In re D&L Nicolaysen, 228 B.R. 252, 261 (Bankr. E.D. Cal. 1998) ("A case may be fully administered even though all payments to creditors have not been completed.")

    19.    The Liquidator respectfully submits that the Debtors' chapter 11 cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code and the factors set forth in the Advisory Notes, making it appropriate for the Court to enter a final decree closing the case. Specifically: (a) the Plan was confirmed on April 23, 2013 and became effective on May 3, 2013; (b) the Confirmation Order was not appealed and thus is final; (b) any deposits and, subject to the relief requested herein, property transfers and distributions provided for by the

9

Plan have been completed; and (c) all motions (other than this Motion), adversary proceedings, or contested claims in the chapter 11 cases have been resolved.

20.     Accordingly, the Liquidator respectfully requests the Court enter a final decree pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 closing the Chapter 11 Cases.

**B.     The Final Distribution Should be Authorized**

21.     As noted above, Article VI.C.3(a) of the Plan authorizes the Liquidator to make distributions on account of proceeds equity nominally held by Anu Veluchamy and Arun Veluchamy upon written agreement of those parties and the Estate Representative. Article VI.C.3(c) of the Plan further authorizes the Liquidator to make such a distribution upon entry of an order of this Court. As noted above, those parties have consented to the relief requested by this Motion, and this final distribution will enable the Liquidator to bring these chapter 11 cases to a successful conclusion. The Liquidator therefore respectfully submits that he should be authorized to cause distributions to made made on account of equity interests

## Notice

22.     The Liquidator has caused notice of this Motion to be given to the following parties: (a) the U.S. Trustee; (b) counsel to Brenda Porter Helms, the chapter 7 trustee in the jointly administered cases of Pethinaidu Veluchamy and Parameswari Veluchamy; (c) all known creditors of the Debtors subject to this Motion in accordance with Local Rule 3022-1; and (d) all parties who have filed appearances or requested notices through the Court's CM/ECF system. The Liquidator submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **Prior Request**

15.  No prior motion for the relief requested herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, for the reasons set forth herein, the Liquidator respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**: (a) granting a final decree closing the Chapter 11 Cases; (b) authorizing a distribution on account of certain equity interests; and (c) granting related relief.

Dated: August 31, 2015
Chicago, Illinois

*/s/ Ryan Preston Dahl*
James H.M. Sprayregen, P.C. (IL Bar No. 6190206)
David L. Eaton (IL Bar No. 3122303)
Ryan Preston Dahl (IL Bar No. 6292645)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel to the Liquidator*